516 So.2d 1092 (1987)
Bruce A. RYALS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-178.
District Court of Appeal of Florida, Fifth District.
December 17, 1987.
*1093 Thomas W. Turner, P.A., Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from an order which denied his motion to enforce a plea bargain or alternatively, to permit him to withdraw his plea. We reverse.
In negotiating a guilty plea to a charge of second degree grand theft, the defendant executed a plea agreement which provided, in pertinent part, that
The judge has agreed to withold [sic] adjudication of guilt; 13 months probation; restitution if any based upon defendant's statement that he has no felony conviction or any misdemeanor involving dishonesty or fraud.
The trial court accepted the plea and withheld adjudication. The subsequently prepared presentence investigation revealed that defendant had previously received four years' probation, with adjudication withheld, after a plea to the third degree felony of selling vehicle identification plates from junked motor vehicles. Defendant thereupon was adjudged guilty and placed on probation for five years.
In this appeal, defendant contends that in the earlier case there had not been a "conviction" because adjudication had been withheld, and if it is to be considered a conviction, he did not understand it that way and was led to believe by his trial attorney that it would not be considered a conviction for purposes of the plea. Uncontroverted testimony of the trial attorney at the hearing on the motion supports this contention.
The trial court correctly held that the result reached in the prior case would properly be considered a "conviction" for sentencing purposes. Florida Rule of Criminal Procedure 3.701(d)(2) provides, "`Conviction' means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended." Since defendant had a conviction for scoring purposes, he was not in literal compliance with his agreement and there was nothing to require the court to honor the plea agreement. See also State ex rel. Owens v. Barnes, 24 Fla. 153, 4 So. 560 (1888) (ordinary meaning of conviction is the determination of defendant's guilt by plea or verdict.)
The fact that a conviction does result from a plea even though adjudication is withheld does not settle the issue here. It is clear that the plea resulted from a misunderstanding based on the erroneous advice given defendant by his trial attorney. There was no meeting of the minds and the plea was therefore not voluntary. See Costello v. State, 260 So.2d 198 (Fla. 1972); Folske v. State, 430 So.2d 574 (Fla. 5th DCA 1983). A trial judge should be liberal in the exercise of his discretion and allow the withdrawal of a plea of guilty where it is shown, as here, that the plea was based on a failure of communication or a misunderstanding. Brown v. State, 245 So.2d 41, 44 (Fla. 1971).
We must therefore set aside the judgment and reverse the order denying defendant's motion to withdraw his plea. However, because the long delay may have prejudiced the State in taking the defendant to trial, and since the defendant alternatively requested that the plea agreement be enforced as though he did not have a prior conviction, upon remand the State *1094 shall have the option of choosing to enforce the plea agreement as understood by the defendant, or of agreeing to the withdrawal of defendant's plea.
REVERSED and REMANDED.
UPCHURCH, C.J., and COWART, J., concur.