525 So.2d 484 (1988)
William T. WATFORD, Appellant,
v.
STATE of Florida, Appellee.
No. BT-16.
District Court of Appeal of Florida, First District.
May 20, 1988.
*485 Michael E. Allen, Public Defender, and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
This appeal is before us from a judgment of conviction and sentence for two counts of battery. The issue raised is whether appellant was properly adjudicated guilty and sentenced to two battery offenses arising out of a criminal transaction under section 775.021(4), Florida Statutes (1985).[1] We affirm.
By information, appellant was charged with lewd and lascivious assault upon a child, aggravated battery, and false imprisonment. The charges arose from a night of terror during which the victim received wounds inflicted at separate times. The jury acquitted appellant of the lewd and lascivious charge but found him guilty of battery, a category one lesser included offense to the charge of aggravated battery, and also guilty of battery as the category two lesser included offense to the charge of false imprisonment. Appellant was sentenced to one year in county jail per offense, the sentences to be served concurrently.
In challenging his convictions and sentences, appellant urges that section 775.021(4) would prohibit appellant's being adjudicated guilty and sentenced for the two batteries as those offenses were committed in the course of one criminal transaction and the statutory elements are one and the same without regard to the information and the evidence introduced at trial. However, in so urging, we believe appellant has advanced an application of section 775.021(4) that was recently discouraged by the supreme court in Carawan v. State, 515 So.2d 161 (Fla. 1987). Therein, the supreme court noted that the Blockberger test,[2] as codified in the last sentence of section 775.021(4), must not be applied "blindly, mechanically, and exclusively to every multiple-punishments problem." 515 So.2d at 166. Rather, the court carefully observed that section 775.021(4) was intended to be treated solely as a rule of construction to aid in the determination of legislative intent when a court is faced with a facially ambiguous statute and must resolve the issue of whether the legislative branch intended to punish the same offense under two different statutes. For example, section 775.021(4) would ordinarily prevent a situation wherein a defendant is convicted of and sentenced for both the main offense and the necessarily lesser included offense.
Significant to the supreme court's analysis in Carawan is the fact that section 775.021(4) is employed only if the statute is facially ambiguous. Thus, "absent a violation of constitutional right, specific, clear and precise statements of legislative intent control regarding intended penalties." 515 So.2d at 165. Also significant is the supreme court's emphasizing in Carawan *486 that its holding applied "only to separate punishments arising from one act, not one transaction." Id. at 170, n. 8. "Act" was defined as being a "discrete event arising from a single criminal intent." Id. The court went on to define a criminal transaction as a "related series of acts."
Applying the above observations to the instant case, it is this Court's conclusion that section 775.021(4) would not bar multiple punishments here. First, section 784.03, Florida Statutes, is unambiguous, and the legislative intent is clear. Since battery is defined therein as an intentional touching or striking of another person against that person's will, the statute obviously contemplates punishment for each single act of battery.[3] Second, the circumstances leading to the charges levied against appellant clearly fall within the supreme court's definition of criminal "transaction," as opposed to their being characterized as a single criminal act. Finally, the circumstances here obviously do not involve punishment of the same offense under two different statutes.
To summarize, in this case appellant was charged with distinct and separate criminal offenses which the jury subsequently reduced to lesser offenses by their verdict, the lesser offenses being both legally proper and supported by the evidence. Accordingly, we do not consider this an instance in which section 775.021(4) is applicable.
AFFIRMED.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] Section 775.021(4) provides:

Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
[2] Blockberger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] Compare Grappin v. State, 450 So.2d 480 (Fla. 1984), wherein the supreme court approved the decision of the district court holding that the unlawful taking of two or more firearms during the same criminal episode is subject to separate prosecution and punishment under the theft statute as to each firearm taken since the article "a" was used in reference to "a firearm" in section 812.014(2)(b)3, and the supreme court reasoned that the legislature thereby intended to treat separately each firearm stolen.