593 So.2d 290 (1992)
Lindsey Mitchell HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00544.
District Court of Appeal of Florida, Second District.
January 22, 1992.
James Marion Moorman, Public Defender and Wendy E. Friedberg, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Lindsey Mitchell Hill, challenges the judgments and sentences imposed upon him after a jury found him guilty of aggravated assault with a firearm and carrying a concealed firearm. We affirm in part and reverse in part.
The trial court did not commit reversible error in denying the appellant's motion for mistrial, and we, accordingly, affirm the appellant's conviction for carrying a concealed firearm.
We agree, however, with the appellant's contention that he is entitled to a new trial on the aggravated assault with a firearm conviction. The appellant was charged with aggravated assault with a deadly weapon, to wit a firearm, in violation of *291 section 784.021(1)(a), Florida Statutes (1989). During the course of the appellant's jury trial, his request that the court instruct the jury on the lesser included charges of discharging a firearm in public and improper exhibition of a firearm was refused. The appellant renewed his request for these instructions after the jury was instructed. Appellant also complained of the court's refusal to give the instructions when he filed a motion for new trial after the jury found him guilty as charged. The appellant filed a timely notice of appeal from the judgment and sentence imposed upon him pursuant to the jury verdict.
The appellant was charged with aggravated assault with a deadly weapon, to wit a firearm. Since the use of a deadly weapon is a necessary element of that charge, said charge was the primary offense and the firearm merely increased the permissible sentence. The appellant admitted using a firearm, and accordingly, no reasonable jury could have found him guilty of aggravated assault without a firearm or without a deadly weapon. The trial court, therefore, erred by instructing the jury that aggravated assault without a firearm was a lesser included offense. The court should have allowed the jury the opportunity to exercise its right to afford the appellant a jury pardon by instructing them on the lesser included offenses requested by the appellant. Fernandez v. State, 570 So.2d 1008 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 167 (Fla. 1991); Janus v. State, 477 So.2d 644 (Fla. 2d DCA 1985); Irving v. State, 337 So.2d 1014 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977). See also Lareau v. State, 573 So.2d 813 (Fla. 1991).
We, accordingly, reverse the appellant's conviction for aggravated assault with a deadly weapon, to wit a firearm, and remand for a new trial on that charge.
Affirmed in part, reversed in part, and remanded.
FRANK and HALL, JJ., concur.