ON MOTION FOR REHEARING
PER CURIAM.
On consideration of the State’s motion for rehearing, we grant the motion, with *107 draw our opinion filed October 13, 1992, and substitute the following opinion in lieu thereof.
The defendant, George Walker, appeals from his conviction for aggravated battery with a firearm. We reverse and remand for a new trial.
The defendant was charged by information with aggravated battery with a weapon. The information stated that the defen-. dant committed an aggravated battery on the victim “by actually and intentionally touching or striking [the victim] against his will by shooting” the victim in the neck with a handgun.
During voir dire, the defense counsel attempted to use a peremptory challenge to exclude prospective juror Rodriguez. The State made a Neil[1] objection stating that the defense had used three peremptory challenges to exclude three hispanic jurors.
The trial court required the defense to proffer its ethnic-neutral reasons for peremptorily challenging Ms. Rodriguez. The defense stated that it was challenging Ms. Rodriguez because her head was down which suggested that she was not interested in what was being said. In response, the trial court stated: “All right. Her looking down, that reason I am going to be unimpressed with.” Shortly thereafter, the trial court stated: “Okay. This is my ruling. The State challenges you on the basis of State versus Neil for excusing Nereyda Rodriguez. I am — as I indicated, I am unimpressed with the body language argument.” The trial court also noted that the defense counsel had used three peremptory challenges and all three were used to exclude hispanics. The trial court did not allow the challenge and Ms. Rodriguez served on the jury.
During the charge conference, the defense counsel requested that the jury be instructed on the permissive lesser-included offenses of improper exhibition of a firearm and discharging a firearm in public. The trial court stated that “the evidence definitely shows that the weapon was fired ... and that the person was hit,” but refused to give these instructions. The trial court, however, did instruct the jury on simple battery.
The defendant was found guilty of aggravated battery. The trial court adjudicated the defendant guilty. The defendant appeals.
We agree with the defendant that the trial court erred in refusing to instruct the jury on the permissive lesser-included offenses of improper exhibition of a firearm and discharging a firearm in public where the accusatory pleading and evidence support the commission of these permissive lesser-included offenses. See State v. Daophin, 533 So.2d 761, 762 (Fla.1988).
The above issue is dispositive, therefore, we do not decide the defendant’s remaining issue.
Reversed and remanded for a new trial.

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified sub nom, State v. Castillo, 486 So.2d 565 (Fla.1986).