THREADGILL, Judge.
The state appeals an order granting Terry W. Salters’ motion for new trial. Sal-ters was charged with aggravated battery with a firearm and convicted of aggravated assault with a firearm. The trial court correctly granted the motion for new trial because the court failed to instruct the jury on a charge of improper exhibition of a firearm, a permissive lesser included offense. See Walker v. State, 609 So.2d 106 (Fla. 3d DCA 1992) and Smith v. State, 435 So.2d 961 (Fla. 1st DCA 1983). We therefore affirm the order granting a new trial.
On cross-appeal Salters contends that the trial court erred in instructing the jury on the lesser charge of aggravated assault with a firearm. We agree. In order for aggravated assault to be a lesser included offense of aggravated battery, the information must allege all of the elements of aggravated assault. Gay v. State, 432 So.2d 602 (Fla. 2d DCA 1983). The information in this case did not allege an act by Salters which created a well-founded fear that violence to the victim was imminent as required by section 784.021, Florida Statutes (1991). It was therefore error to convict Salters of an offense that was not charged in the information.
On remand, the state cannot retry Salters for aggravated battery with a firearm because the jury acquitted him of that charge. If, however, the state seeks to retry Salters for aggravated assault with a firearm, it must file a new information alleging all of the elements of that offense. See 432 So.2d 602.
Affirmed; remanded with directions.
CAMPBELL, A.C.J., and HALL, J., concur.