PER CURIAM.
AFFIRMED. We find no error by the trial court in refusing to instruct the jury on the offense of improper exhibition of a weapon as a permissive lesser included offense of the charge of aggravated battery with a firearm. The only allegations against appellant in connection with the aggravated battery charge were that he committed the battery with a firearm. By contrast, the lesser offense of improper exhibition occurs when a defendant, “in the presence of one or more persons, exhibit[s] the [weapon] in a rude, careless, angry, or threatening manner, not in necessary self-defense.” Section 790.-10, Florida Statutes (1993). Here, in our view, there were no allegations to support the lesser offense of improper exhibition.[1] See State v. Weller, 590 So.2d 923 (Fla.1991) (trial court only required to give instruction on permissive lesser included offense where, inter alia, all the elements of the lesser offense are alleged in the accusatory pleading).
We also reject appellant’s double jeopardy claim since the two charges against him were based on different actions, even though the actions were closely connected in time. Cf. Watford v. State, 525 So.2d 484 (Fla. 1st DCA 1988).
ANSTEAD, HERSEY and STONE, JJ., concur.

. The following cases, involving similar facts, may conflict with this result: State v. Salters, 634 So.2d 1095 (Fla. 2d DCA 1994) (where defendant was charged with aggravated battery with a firearm, trial court properly ordered new trial because the court failed to instruct the jury on the permissive lesser included offense of improper exhibition); Walker v. State, 609 So.2d 106 (Fla. 3d DCA 1992) (trial court erred in refusing to instruct on permissive lesser included offenses of improper exhibition and discharging a firearm in public where accusatory pleading and evidence supported these crimes); Hill v. State, 593 So.2d 290 (Fla. 2d DCA 1992) (same); Smith v. State, 435 So.2d 961 (Fla. 1st DCA 1983) (accusatory pleading charging defendant with aggravated battery by "shooting at” another sufficient to allege "exhibition,” because firing the gun makes its character known to all, and thus the trial court did not err by instructing the jury on the lesser included offense of improper exhibition).
Although, when read closely, Salters and Hill are distinguishable because it is not clear from the opinions in those cases what the accusatory pleadings alleged, the accusatory pleadings involved in Walker and Smith are analogous to the allegations at bar.