661 So.2d 931 (1995)
Michael CANION, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3044.
District Court of Appeal of Florida, Fourth District.
October 18, 1995.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The state initially charged appellant with three counts of aggravated assault of a law enforcement officer. The incident originating these charges involved the single act of appellant raising a martial arts trident in a threatening manner while in the presence of three police officers. Appellant proceeded to trial under these charges, and the jury found appellant guilty of two counts of the lesser included offense of improper exhibition of a dangerous weapon pursuant to section 790.10, Florida Statutes (1993). The trial court withheld adjudication and imposed a probationary term of one year upon appellant.
Appellant correctly asserts that it is improper to receive two convictions for a single act of improperly exhibiting a dangerous weapon. Vance v. State, 472 So.2d 734 (Fla. 1985) (specifically approving Solomon v. State, 442 So.2d 1030 (Fla. 1st DCA 1983)). Although the trial court withheld adjudication on both counts, appellant suffers prejudice in that an adjudication withheld constitutes a conviction under Florida Rule of Criminal Procedure 3.701(d)(2). See Ryals v. State, 516 So.2d 1092 (Fla. 5th DCA 1987). In this instance, the adjudications withheld on the guilty verdicts may therefore later be used to increase the sentencing guideline score of appellant should future offenses occur.
Accordingly, we reverse as to one count of improper exhibition of a dangerous weapon and remand with direction for the trial court to remove from appellant's probation order any reference to a second count for which adjudication has been withheld.
REVERSED and REMANDED.
GUNTHER, C.J., and DELL and STEVENSON, JJ., concur.