706 So.2d 884 (1998)
Anthony GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3916.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
*885 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne Carrion, Assistant Attorney General, West Palm Beach, for appellee.
GERSTEN, CAROL R., Associate Judge.
Appellant, Anthony Green, was charged by Information with possession of a firearm by a convicted felon, six counts of aggravated assault and possession of a firearm with a serial number removed. Count I was severed from the remaining charges. The jury found Green guilty of possession of a firearm with a serial number removed, four counts of aggravated assault, and in the two remaining counts, found him guilty of improper exhibition of a firearm, a lesser included offense of aggravated assault. Green appeals from the denial of his motions for judgment of acquittal and from his sentence on two counts of improper exhibition of a firearm.
On May 28, 1994, Vanessa Robinson, Dorothea Davis, Natilie Moore, and Lawonda Ware accompanied Loretta Lewis to West Hollywood to pick up her goddaughter, Sherye Gaskins. While driving home, Gaskins saw Green driving his car and asked Lewis to pull their vehicle over so Gaskins could talk to Green. When Gaskins would not get out of the car, Green got out of his vehicle and pulled out a gun[1]. According to Lewis, Green then stated, "I should spray all you mothers." When Lewis asked what he was talking about, Green further stated, "I should spray all you motherfuckers." He then pointed the gun into the passenger window of the car. All of the occupants, with the exception of Lewis, jumped out of the car. Green then continued to hold the gun on Lewis until the police arrived. The other occupants of the car testified similarly[2], each stating that they believed Green was going to shoot them and that they were in fear for their lives.
Green contends that the trial court erred in denying his motions for judgment of acquittal by failing to reduce the charges to the lesser included offense of improper exhibition of a firearm.
In affirming the ruling of the trial court, we must emphasize that when reviewing a motion for judgment of acquittal, the court should not grant the motion unless, when viewed in the light most favorable to the state, the evidence does not establish a prima facie case of guilt. See Proko v. State, 566 So.2d 918, 919 (Fla. 5th DCA 1990). In moving for a judgment of acquittal, the defendant admits not only the facts stated in the evidence, but admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. See Lynch v. State, 293 So.2d 44, 45 (Fla.), cert. discharged, 293 So.2d 44 (Fla. 1974). The state is not required to rebut every possible variation that can be concluded from the evidence, only to introduce competent evidence which is inconsistent with the defense's theory of events. See State v. Law, 559 So.2d 187, 189 (Fla.1989).
In the instant case, the state clearly established a prima facie case for aggravated *886 assault. The witnesses testified to a well-founded fear that violence was about to take place, even if there was no evidence that the weapon was not pointed at any one particular person. See Blanton v. State, 388 So.2d 1271 (Fla. 4th DCA 1980), pet. for review denied, 399 So.2d 1140 (Fla.1981).
We do, however, agree with appellant that he should not have been sentenced to two counts of Improper Exhibition of a Firearm where he committed only one act, regardless of the number of victims.
Section 790.10, Florida Statutes (1995) provides as follows:
If any person having or carrying any ... firearm, ... shall, in the presence of one or more persons, exhibit the same in a rude, careless, angry or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(Emphasis added).
In Canion v. State, 661 So.2d 931 (Fla. 4th DCA 1995), the defendant was charged with three counts of aggravated assault of a law enforcement officer after he raised a martial arts trident in a threatening manner while in the presence of three police officers. The jury found the defendant guilty of two counts of the lesser included offense of improper exhibition of a dangerous weapon. This court held that the defendant erroneously received two convictions for the single act of improperly exhibiting a dangerous weapon and reversed as to one count. See id.
Similarly, Green's improper exhibition occurred during a single episodic event when he pointed his gun into the car at the women. Accordingly, the Judgment and Conviction is affirmed in part and reversed in part and remanded to the trial court with directions to vacate one of appellant's sentences for Improper Exhibition of a Firearm.
AFFIRMED IN PART; REVERSED IN PART WITH DIRECTIONS.
KLEIN and GROSS, JJ., concur.
NOTES
[1] A semi-automatic weapon with a high capacity detachable box magazine.
[2] Gaskins did not testify and Green moved for Judgment of Acquittal arguing that the State could not prove she was a victim. That motion was denied.