739 So.2d 1243 (1999)
Gary BASS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 98-3029.
District Court of Appeal of Florida, Fifth District.
August 13, 1999.
*1244 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Gary S. Bass appeals from convictions on three counts of improper exhibition of a firearm[1] and four counts of aggravated assault with a firearm.[2] We affirm in part and reverse in part.
On September 20, 1997, eight black young adults were driving home from dinner in two separate cars, a Ford in which four were riding, and a Pontiac containing the other four. According to their testimony, a Nissan containing six white young adults pulled alongside the Ford and one of the passengers in the Nissan asked if' the Ford's occupants had any drugs, allegedly stating that all black people sell drugs. A passenger in the Nissan then threw two beer bottles, one hitting the Ford and the other hitting the Pontiac. The Nissan then drove off, with the other two cars following. The Nissan then stopped suddenly, and the Ford struck it in the rear. The Pontiac drove around the *1245 accident and stopped. Everyone exited their cars, except the driver of the Ford and a passenger in the Pontiac. Appellant went to the trunk of the Nissan, retrieved a loaded shotgun, waved it at the driver of the Ford, yelling racial slurs, threatening to kill the driver and her friends because they were black, then backed off and waved the gun at the other victims. One of the victims called the police on a cellular phone.
Appellant was charged with eight counts of aggravated assault with a firearm while evidencing prejudice,[3] (one count for each of the eight victims). During trial, the state nolle prossed count III, and the jury found appellant guilty of the lesser offense of improper exhibition of a weapon as to counts I, II and IV, and guilty of aggravated assault as to counts VVIII. In special verdict forms, separate as to each remaining count, the jury found that defendant knew or had reason to know the race of the victims, but that the defendant did not intentionally select the victims because of their race. The trial court adjudicated the defendant guilty on all counts and sentenced him to three concurrent terms of 54 days' imprisonment (with credit of 54 days for time-served) on counts I, II & IV. On counts VVIII, the trial court sentenced the defendant to four concurrent terms of 3 years' imprisonment with a 3 year minimum mandatory for use of a firearm,[4] followed by 5 years' probation. Notwithstanding the jury's verdict to the contrary, the judgment for counts VVIII also provides that the defendant evidenced prejudice and the trial court listed these crimes as second degree felonies pursuant to the hate crime enhancement statute.[5]
Appellant alleges several sentencing errors.

A. WHETHER THE TRIAL COURT ERRED IN ADJUDICATING DEFENDANT GUILTY OF AGGRAVATED ASSAULT WHILE EVIDENCING PREJUDICE.
The defendant argues that the trial court erred in scoring his convictions for aggravated assault in counts V-VIII as second degree felonies because the jury did not find that he selected these victims because of their race. The state concedes that these judgments and sentences are incorrect and agrees that this court should affirm the judgments for aggravated assault with a firearm, but vacate the portion referring to "evidencing prejudice" and remand for re-sentencing. Although the defendant did not raise this issue below, this claim of error may be considered by this court on appeal as fundamental error because defendant was adjudicated guilty for an offense greater in degree than that returned in the verdict. See Medberry v. State, 699 So.2d 857 (Fla. 5th DCA 1997), receded from on other grounds, Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), rev. granted, 728 So.2d 203 (Fla.1999).
Aggravated assault with a deadly weapon without intent to kill is a third degree felony. See § 784.021(2), Fla. Stat. (1997). However, the trial court listed counts V-VIII as a second degree felony citing section 775.085, Florida Statutes (1997), which provides, in relevant part:
775.085. Evidencing prejudice while committing offense; enhanced penalties. 
(1)(a) The penalty for any felony or misdemeanor shall be reclassified as provided in this subsection if the commission of such felony or misdemeanor evidences prejudice based on the race, color, ancestry, ethnicity, religion, sexual orientation, or national origin of the victim.
* * *
(c) A felony of the third degree shall be punishable as if it were a felony of the second degree.
*1246 This statute applies only when the perpetrator intentionally selects a victim because of the victim's race, color, ancestry, ethnicity, religion, sexual orientation or national origin.[6]See State v. Stalder, 630 So.2d 1072, 1077 (Fla.1994). In this case, although the jury found that the defendant knew of the victims' race, they specifically found that he did not select them because of their race. At the sentencing hearing, the trial court recognized this holding, stating "[t]he special verdict form as to those counts [VVIII] was the hate crime question. And he was not found by the jury to be guilty of the hate crime." The reference to the hate crime statute appears to be a clerical error.

B. WHETHER THE TRIAL COURT ERRED IN IMPOSING THE MINIMUM MANDATORY THREE YEAR SENTENCE FOR USE OF THE FIREARM, PURSUANT TO SECTION 775.087(1), FLORIDA STATUTES (1997).
Appellant first argues that the minimum mandatory sentence was improper because the jury verdict did not specifically find that he used a firearm in committing the offense. However, the jury verdict found defendant guilty of aggravated assault "as charged in the information." The information, in each count, charged defendant with committing the crime "with a firearm, a deadly weapon." For imposition of the minimum mandatory sentence, it was sufficient that the verdict referred to the information where the information contained a charge of a crime committed with the use of a firearm. State v. Hargrove, 694 So.2d 729, 731 (Fla.1997). There was no error here.
He next contends that it was error to impose the minimum mandatory sentence for use of a firearm because the use of the firearm is an essential element of the crime charged. While it would be error to reclassify a third degree felony to a second degree felony[7] for use of a firearm where the use of the firearm is an essential element of the crime charged (see Patterson v. State, 693 So.2d 74, 75 (Fla. 1st DCA 1997)), the imposition of the three year minimum mandatory sentence for use of the firearm[8] is required where defendant is convicted of aggravated assault with a firearm. See Carter v. State, 693 So.2d 111, 112 (Fla. 5th DCA 1997). No error is demonstrated here.

C. WHETHER DEFENDANT WAS IMPROPERLY CONVICTED ON THREE COUNTS OF IMPROPER EXHIBITION OF A FIREARM.
Section 790.10, Florida Statutes (1997) provides:
If any person having or carrying any dirk, sword, sword cane, firearm, electric weapon or device, or other weapon shall, in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. (emphasis added).
Appellant is correct in contending that he should have only been adjudicated on one count of improper exhibition of a weapon, because the exhibition of the firearm occurred in one criminal episode, although in front of several people. See Green v. State, 706 So.2d 884 (Fla. 4th DCA 1998); Canion v. State, 661 So.2d 931 (Fla. 4th DCA 1995). Accordingly two of the convictions for improper exhibition of a firearm must be vacated on remand.
We therefore affirm the judgments for aggravated assault (counts V-VIII), but remand to the trial court with instructions to vacate those portions of the judgments referring to "evidencing prejudice," to reclassify these crimes as third degree felonies, *1247 and to resentence appellant accordingly. The trial court must also vacate two of the convictions and sentences for improper exhibition of a firearm. Appellants remaining points are either not preserved for appeal or are without merit.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] § 790.10, Fla. Stat. (1997).
[2] § 784.021(1)(a), Fla. Stat. (1997).
[3] § 775.085, Fla. Stat. (1997).
[4] § 775.087(2), Fla. Stat. (1997).
[5] § 775.085, Fla. Stat. (1997).
[6] In 1998, the Legislature added mental or physical disability, or advanced age.
[7] § 775.087(1), Fla. Stat. (1997).
[8] § 775.087(2), Fla. Stat. (1997).