789 So.2d 1042 (2001)
Tanya BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2533.
District Court of Appeal of Florida, Fourth District.
May 30, 2001.
Rehearing Denied August 3, 2001.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
In this case where the state charged defendant with aggravated battery on a law enforcement officer (LEO) for driving a vehicle into him, the jury returned a verdict on the lesser included offense of simple battery on a LEO. Still, defendant argues that there was not enough evidence for the charge to go to the jury. Her theory is that the LEO initiated the contact with the vehicle, so it cannot be thought unconsented. We disagree.
From its perspective, the facts proved during the state's case in chief are as follows. The officer was investigating a *1043 theft at a grocery store. He had descriptions of two suspects and was searching for them at other stores in the area. He was soon summoned to a department store, and as he was arriving saw two suspects being led away by another officer. The suspects bolted from the other officer, however, and the first officer saw one of them enter a parked vehicle and start the engine. That turned out to be defendant.
Just as the officer approached the passenger side in the area of the right front door and fender, she placed the car in reverse, turned the wheels and proceeded to back out. The car swiftly backed into the area where the officer was standing. Fearing that the front wheels were going to drive over his feet, he thrust his hands on the auto in an act of self protection to push himself away. He then proceeded around the front of the vehicle as it stopped and stood near the driver's side of the bumper. He looked directly at the driver, who looked back at him. The driver then placed the car in gear and accelerated forward at the officer, who once again was forced to react by pushing off as the vehicle neared him. Ultimately she stopped the car after it had forced him to move away and was later arrested and charged with aggravated battery on a LEO.
In moving for a judgment of acquittal, a defendant admits every inference and conclusion favorable to the state that a jury might fairly and reasonably draw from the evidence. Green v. State, 706 So.2d 884 (Fla. 4th DCA 1998). Trial courts should not grant judgments of acquittal unless, when viewed in the light most favorable to the State, the evidence still fails to establish a prima facie case of guilt. Id. Where the State presents competent evidence supporting every element of the crime, a judgment of acquittal is properly denied. Boyce v. State, 638 So.2d 98 (Fla. 4th DCA 1994); and Anderson v. State, 504 So.2d 1270, 1271 (Fla. 1st DCA 1986).
The above facts are consistent with the elements of simple battery. A jury could reasonably have inferred that the defendant purposefully drove her vehicle into the officer to move him aside as she attempted to drive away from the scene. Although the officer was compelled by the danger into reacting by touching the vehicle before it actually drove over his feet or struck him forcefully, those initial contacts were responses to the conduct of the defendant in setting in motion what could have become a striking of his body causing serious injury. The fact that the victim is able to block the thrust of the swordsman with his own arm, and thereby avoid the wound, does not make the thrust any less a battery.
AFFIRMED.
GROSS and TAYLOR, JJ., concur.