795 So.2d 223 (2001)
Jimmy SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2855.
District Court of Appeal of Florida, Fourth District.
September 26, 2001.
*224 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Sanders' conviction and sentence. He was convicted on separate counts of aggravated assault (a lesser-included offense of the charged attempted first-degree murder), improper exhibition of a weapon, as charged in the information, improper exhibition of a weapon (a lesser-included offense of aggravated assault with a deadly weapon), possession of a shortbarreled shotgun, and possession by a convicted felon. Sanders asserts that his conviction on counts II and III for improper exhibition of a weapon constitutes double jeopardy.
The record reflects that Sanders approached one of the victims, Diane Sanders, his ex-wife, at her place of employment. She had recently told him that he could no longer see her or their children. Diane was waiting on a customer, Nancy Carl. Sanders came up behind them and spun Diane around by her shoulder. Sanders was holding a shotgun and told Diane he was going to kill her. The gun was pointed at the faces of both Diane and the customer. Diane pushed Nancy away and told her to run. In the course of trying to escape, Diane fell. Sanders grabbed Diane by the arm and pulled her back toward him. He then grabbed her by the throat and pushed her, causing her to fall through a glass table onto the floor.
As Diane laid on the floor, Sanders stood over her with a gun pointed at her chest. He pulled the trigger, but no shot was fired. Diane then grabbed the barrel of the gun and knocked it loose. She was struggling with Sanders to keep him from reaching the gun when help arrived. Sanders admitted that he came to the store to kill Diane.
Sanders claims that the separate convictions for improper exhibition of a weapon constitute double jeopardy. He failed to raise the issue below; however, a double jeopardy violation is fundamental error that may be raised for the first time on appeal. Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998).
Multiple convictions based oh different actions, however, need not amount to double jeopardy, even where the actions are closely connected in space and time. E.g. Patterson v. State, 637 So.2d 955, 956 (Fla. 4th DCA 1994); Watford v. State, 525 So.2d 484, 486 (Fla. 1st DCA 1988).
This case is distinguishable from Vance v. State, 472 So.2d 734 (Fla.1985), Green v. State, 706 So.2d 884 (Fla. 4th DCA 1998), and Canion v. State, 661 So.2d 931 (Fla. 4th DCA 1995), relied on by Sanders. In each of those instances, the defendants engaged a group of persons in one incident at one time and place. Vance, Green, and Canion involved only one illegal act.
Section 775.021(4), Florida Statutes, permits conviction and sentence for *225 separate criminal offenses committed within one criminal transaction:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense....
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.
See also Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000) (recognizing that there is no double jeopardy bar precluding separate charges where the defendant threw a brick through the rear sliding door of a house followed immediately by his throwing a brick through a front window).
Here, the multiple convictions were based on two entirely discrete actions sufficiently separate in time and space to support dual convictions; the first, charged in count II, for the offense against Nancy and the second, several moments later, charged in count III, for the offense against Diane. We conclude that there was a sufficient separation in time and space between the acts charged in counts II and III to preclude application of double jeopardy.
As to all other issues raised, we also find no reversible error or abuse of discretion. Therefore, the judgment and sentence are affirmed.
POLEN, C.J. and GROSS, J., concur.