ON MOTION FOR REHEARING EN BANC

KLEIN, J.
The state has moved for en banc rehearing, arguing that this opinion conflicts with another recent opinion of this court, Sanders v. State, 795 So.2d 223 (Fla. 4th DCA 2001). In Sanders this court held that where a defendant pointed a gun at his ex-wife and another person and, during a physical altercation with his ex-wife moments later, pointed the gun at her, two convictions for improper exhibition of a weapon were not barred by double jeopardy.
In Sanders we described the facts as follows:
The record reflects that Sanders approached one of the victims, Diane Sanders, his ex-wife, at her place of employment. She had recently told him that he could no longer see her or their children. Diane was waiting on a customer, Nancy Carl. Sanders came up behind them and spun Diane around by her shoulder. Sanders was holding a shotgun and told Diane he was going to kill her. The gun was pointed at the faces of both Diane and the customer. Diane pushed Nancy away and told her to run. In the course of trying to escape, Diane fell. Sanders grabbed Diane by the arm and pulled her back toward him. He then grabbed her by the throat and pushed her, causing her to fall through a glass table onto the floor. As Diane laid on the floor, Sanders stood over her with a gun pointed at her chest. He pulled the trigger, but no shot was fired. Diane then grabbed the barrel of the gun and knocked it loose. She was struggling with Sanders to keep him from reaching the gun when help arrived. Sanders admitted that he came to the store to kill Diane.
Id. at 224.
The Sanders panel concluded:
Here, the multiple convictions were based on two entirely discrete actions sufficiently separate in time and space to support dual convictions; the first, charged in count II, for the offense against Nancy and the second, several moments later, charged in count III, for the offense against Diane. We conclude that there was a sufficient separation in time and space between the acts charged in counts II and III to preclude application of double jeopardy.
Id. at 225.
The basis for en banc consideration in this case, as the state recognizes, is that it is “necessary to maintain uniformity in the court’s decisions.” Rule 9.331(a). Although we recognize that this decision is a close one, we disagree that en banc consideration is necessary here. Whether there is a temporal separation, or whether the acts are discrete in other ways, depends entirely on the facts.
We conclude that the facts in Sanders and this case are not so similar as to require that the cases be decided the same way in order to maintain uniformity in this court’s decisions. The motion for rehearing is denied.[1]
WARNER and SHAHOOD, JJ., concur.

. The fact that there were different victims involved in Sanders is not significant to our *465 analysis because the crime in Sanders, improper exhibition of a weapon, is defined as being "in the presence of one or more persons. § 790.10, Fla. Stat. Thus, waiving a gun at two people, in one motion, would be only one crime.