ALTENBERND, Judge.
 

 Nicholas Michael Roberts appeals his judgments and sentences for two counts of improper exhibition of a firearm. We affirm one judgment and sentence but order that the second judgment and sentence be vacated on remand because it violates double jeopardy.
 

 Mr. Roberts was charged with two counts of aggravated assault with a firearm. He was working as a taxi driver when he got into a dispute with two men who were in a pickup truck that was parked near his taxi. He told the men to leave and pointed a firearm at them, stating that he could shoot them.
 

 When the case was submitted to the jury, the misdemeanor offense of improper exhibition' of a firearm was listed as a lesser offense for each aggravated assault. The jury found Mr. Roberts guilty of improper exhibition of a firearm as a lesser offense for both counts. The trial court entered judgments for both convictions and sentenced Mr. Roberts to concurrent terms of probation.
 

 Section 790.10, Florida Statutes (2007), prohibits the exhibition of a firearm “in the presence of one or more persons.” Accordingly, although Mr. Roberts could have been convicted of two aggravated assaults if the jury had fully accepted the State’s case,
 
 see, e.g., Mauldin v. State,
 
 9 So.3d 25, 28 (Fla. 4th DCA 2009), the verdict for the lesser-included offense permits only a single conviction.
 
 See Bass v. State,
 
 739 So.2d 1243, 1246 (Fla. 5th DCA 1999);
 
 Canion v. State,
 
 661 So.2d 931, 931 (Fla. 4th DCA 1995). Therefore, we reverse the judgment and sentence for the second count of improper exhibition of a firearm and remand for the trial court to vacate the conviction.
 

 
 *381
 
 Affirmed in part, reversed in part, and remanded.
 

 KELLY and BLACK, JJ., Concur.