ORFINGER, C.J.
Phillip M. Thomas was charged, inter alia, with three counts of aggravated assault with a firearm. The offenses took place during the same criminal episode when Mr. Thomas displayed a firearm in the presence of a woman and her two children after being told to leave their home. Following a trial, Mr. Thomas was convicted of one count of aggravated assault with a firearm and two counts of the lesser offense of improper exhibition of a firearm. Appellate counsel filed an An-ders[1] brief. In his pro se brief, Mr. Thomas asserts that his conviction of two counts of improper exhibition of a firearm violates his protections against double jeopardy. A double jeopardy violation is a fundamental error that may be raised for the first time on appeal. See State v. Johnson, 483 So.2d 420 (Fla.1986).
Section 790.10, Florida Statutes (2012), prohibits the exhibition of a firearm or other weapon “in the presence of one or more persons.” Accordingly, although Mr. Thomas could have been convicted of multiple counts of aggravated assault if the jury had fully accepted the State’s case, see, e.g., Mauldin v. State, 9 So.3d 25, 28 (Fla. 4th DCA 2009), the verdict for the lesser-included offense permits only a single conviction. See Roberts v. State, 47 So.3d 380, 380 (Fla. 2d DCA 2010); Bass v. State, 739 So.2d 1243, 1246 (Fla. 5th DCA 1999).
The State argues that this case is factually similar to Sanders v. State, 795 So.2d 223 (Fla. 4th DCA 2001), which allowed multiple convictions for improper exhibition of a firearm when those convictions were based on entirely discreet actions sufficiently separate in time and space, to support dual convictions. Having carefully considered the facts presented here, we disagree with the State and conclude that this case is more similar to Roberts and Bass, not Sanders. Therefore, we reverse the judgment and sentence for one count of improper exhibition of a firearm and remand for the trial court to vacate the conviction. Resentencing is not required.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN and COHEN, JJ„ concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).