NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CECIL LAMBERT,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D15-700
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed October 5, 2016.

Appeal from the Circuit Court for Pasco
County; William Webb, Judge.

Howard L. Dimmig, II, Public Defender, and
Edward Lee Giles, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa,
for Appellee.


LUCAS, Judge.


        The State charged Cecil Lambert with two counts of attempted second-

degree murder and one count of carrying a concealed firearm.  With respect to the

attempted second-degree murder counts, the jury found Mr. Lambert guilty of two

counts of the lesser included offense of improper exhibition of a dangerous weapon under section 790.10, Florida Statutes (2012). Mr. Lambert was found guilty as charged for carrying a concealed firearm. The trial court adjudicated Mr. Lambert guilty and sentenced him to time served on the two improper exhibition of a dangerous weapon counts and to five years in prison on the carrying a concealed firearm count.

We find no error in Mr. Lambert's conviction or sentence with respect to the charge of carrying a concealed firearm. However, Mr. Lambert is correct that his two convictions and sentences under section 790.10 for what was clearly a single criminal episode in which he wielded a handgun in the presence of two victims violated the prohibition against double jeopardy. See Vance v. State, 472 So. 2d 734, 735 (Fla. 1985) ("Section 790.10 by its express wording proscribes the act of exhibiting the weapon in the presence of one *or more* persons. We approve the interpretation of section 790.10 . . . that precludes multiple convictions for a single act of exhibition."); Roberts v. State, 47 So. 3d 380, 380 (Fla. 2d DCA 2010) (holding that improper exhibition of a firearm by a taxi driver who had gotten into a dispute with two men in a pickup truck could only support a single conviction of that offense under the language of section 790.10); Bass v. State, 739 So. 2d 1243, 1246 (Fla. 5th DCA 1999) ("Appellant is correct in contending that he should have only been adjudicated on one count of improper exhibition of a weapon, because the exhibition of the firearm occurred in one criminal episode, although in front of several people.").[1] We see nothing in the record to

---

[1]Mr. Lambert's trial counsel confined his argument for a judgment of acquittal solely on the two counts of attempted second-degree murder as they were originally charged. However, violation of the constitutional prohibition against double jeopardy can constitute fundamental error that may be raised for the first time on

support the State's conclusory assertion that Mr. Lambert's repeatedly displaying a firearm during a domestic dispute among three individuals in a driveway somehow constituted separate criminal incidents under section 790.10. Nor has the State argued that a temporal break occurred at any point in this altercation during which Mr. Lambert might have had an opportunity "to pause, reflect, and form a new criminal intent" such that he committed two "distinct and independent criminal acts." Cf. Welch v. State, 189 So. 3d 296, 302 (Fla. 2d DCA 2016). Accordingly, we reverse and remand with a direction to the trial court to vacate Mr. Lambert's conviction and sentence as to one count of improper exhibition of a dangerous weapon.

Affirmed in part, reversed in part, and remanded with directions.

LaROSE and BLACK, JJ., Concur.

---

appeal. See Rios v. State, 19 So. 3d 1004, 1006 (Fla. 2d DCA 2009); Eichelberger v. State, 949 So. 2d 358, 359 (Fla. 2d DCA 2007).