462 So.2d 813 (1985)
STATE of Florida, Petitioner,
v.
Willie WATTS, Respondent.
No. 64629.
Supreme Court of Florida.
January 17, 1985.
Jim Smith, Atty. Gen., and Richard A. Patterson and Gary L. Printy, Asst. Attys. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and Charlene V. Edwards, Asst. Public Defender, Tallahassee, for respondent.
PER CURIAM.
We have for review Watts v. State, 440 So.2d 505 (Fla. 1st DCA 1983), which expressly and directly conflicts with decisions of other district courts of appeal and this Court. Art. V, § 3(b)(3), Fla. Const.
Defendant was adjudged guilty and concurrently sentenced on two counts of possession of prisonmade knives. The First District Court of Appeal held that Watts was adjudged guilty on one count too many. We agree, but for different reasons.
The district court noted that defendant's possession of two knives was simultaneous in time and essentially simultaneous in space and therefore the multifaceted offense must result in a single prosecution sentence. In so holding the court adopted the "chronological and special relationships" test espoused by the Fifth District Court of Appeal in Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), to determine whether a multifaceted offense may result in a single or multiple prosecution unit. Watts v. State, 440 So.2d 505, 511 (Fla. 1st DCA 1983). The court explicitly refused to apply the reasoning used by the Second District Court of Appeal in State v. Grappin, 427 So.2d 760 (Fla. 2d DCA 1983), to determine whether a defendant can be convicted of two offenses for two acts which violate one statute. Id. at 510. However, subsequent to the First District Court of Appeal decision in Watt, we adopted both the result and reasoning of the Second District Court of Appeal in Grappin. Grappin v. State, 450 So.2d 480 (Fla. 1984). Thus we must apply the rational of Grappin to the case at bar.
In Grappin, we held that the unlawful taking of two or more firearms during the same criminal episode is subject to separate prosecution and punishment under the theft statute as to each firearm taken. Grappin was prosecuted under section 812.014(2)(b)(3), Florida Statutes (1981), which reads as follows:
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in §§ 775.082, 775.083 and 775.084, if the property stolen is:
3. A firearm.
(Emphasis supplied.) We reasoned that Grappin may be charged in a five-count information with five thefts because the article "a" prefaced firearm. We noted that the use of the article "a" in reference to "firearm" in section 812.014(2)(b)3 clearly shows that the legislature intended to *814 make each firearm a separate unit of prosecution. Id. at 482. We specifically contrasted the article "a" with the article "any" by pointing out that federal courts have held that the term "any firearm" is ambiguous with respect to the unit of prosecution and must be treated as a single offense with multiple convictions and punishments being precluded. 450 So.2d at 482 citing United States v. Rosenbarger, 536 F.2d 715 (6th Cir.1976), cert. denied, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977); United States v. Kinsley, 518 F.2d 665 (8th Cir.1975).
Applying the rationale of Grappin to the instant case, it is apparent that Watt can only be charged with one count of possession of contraband. Watt has prosecuted under section 944.47, Florida Statutes (1981), which provides in relevant part:
(1)(a) Except through regular channels as authorized by the officer in charge of the correctional institution, it is unlawful to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send therefrom, any of the following articles which are hereby declared to be contraband for the purposes of this section, to wit:
.....
5. Any firearm or weapon of any kind or any explosive substance.
.....
(c) It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
(2) Whoever violates any provision of this section is guilty of a felony of the third degree... .
(Emphasis supplied.) Thus applying the a/any test of Grappin, we conclude that Watt may not be charged with multiple offenses for the possession of two prisonmade knives.
For the reasons expressed, we approve of the decision of the district court.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs with an opinion.
ADKINS, Justice, concurring.
The Court correctly holds that Watts is not subject to separate prosecution (and punishment) for the unlawful possession of two prisonmade knives under section 944.47(1)(c), Florida Statutes. However, I disagree with the Court's reasoning used to support this conclusion. The article which prefaces a respective item of property in a given statute should not be determinative.
Rather than rely on the legislature's choice of "a" or "any", I would follow the "chronological and special relationships" test to determine whether a multifaceted offense may result in a single or multiple sentence. Watts possessed two prisonmade knives during the same time and space and therefore is not subject to separate prosecutions.