563 So.2d 1095 (1990)
Kenneth D. SCHMITT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0187.
District Court of Appeal of Florida, Fourth District.
June 13, 1990.
*1097 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Schmitt appeals his conviction for lewd and lascivious behavior, sexual performance by a child, promotion of a sexual performance by a child and possession of child pornography. He raises five points on appeal. We affirm in part and reverse in part.
In January 1988 the Martin County Sheriff's Office received information that appellant was taking nude photographs of his twelve-year-old physically well developed daughter in Port Salerno. Sheriff's deputies interviewed the child and learned that the nude photography occurred over a four-year period. The interview revealed that appellant recently videotaped the child and another female child dancing topless. The child informed the deputies that appellant took nude photographs of an adult woman in her presence. Appellant also instructed the child to take nude photographs of him. The child indicated that appellant walked around his residence in the nude and in her presence.
Based upon this information, deputies applied for and obtained a search warrant for appellant's residence. The deputies executed the warrant and discovered numerous pieces of incriminating evidence. Appellant moved to dismiss several counts of the information. The trial court denied these motions. Appellant then entered a plea of nolo contendere reserving his right to appeal.
Appellant's first point argues that there was insufficient evidence to indicate any type of criminal activity which would establish probable cause for the issuance of the warrant. We disagree.
The deputy's affidavit in support of the application for the search warrant alleged in pertinent part:

*1098 Kenneth Schmitt, had taken numerous nude photographs of her in various poses ... that her father had a nude adult white female pose for nude photographs in her presence. The juvenile victim also stated that she has taken nude photographs of her father numerous times.
... .
[T]he father obtained a VHS video recording system. During this time ... the father utilized the camera to record the juvenile victim and a white female friend disrobe, or as the juvenile described it, stripping down to their panties... . During the same time frame ... the father utilized the same VHS camera to record the juvenile victim swimming in the nude.
Based upon this activity, the affidavit alleged violations of section 827.071, Florida Statutes (1987), sexual performance of a child; section 800.04, lewd or lascivious acts or indecent assault or act upon or in the presence of a child; section 827.04, child abuse; and chapter 847, obscene literature or profanity. The affidavit further indicates that the officer had been a sheriff's deputy for six years; that he was assigned to the criminal investigations division; and that he previously investigated a number of child abuse and sexual battery cases.
Probable cause exists if a reasonable man, having the specialized training of a police officer, in reviewing the facts known to him, would consider that a felony is being or has been committed by the person under suspicion. Mayo v. State, 382 So.2d 327 (Fla. 1st DCA 1980), review denied, 388 So.2d 1116 (Fla. 1980). In dealing with probable cause as the very name implies, the process does not deal with certainties but with probabilities. These are not technical niceties. They are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In Gates, the Supreme Court wrote:
Long before the law of probabilities was articulated as such, practical people formulated certain common sense conclusions about human behavior; jurors as fact finders are permitted to do the same and so are law enforcement officers. Finally the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.
Id. at 231-232, 103 S.Ct. at 2328-2329, 76 L.Ed.2d at 544, quoting United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).
Thus, "probable cause is a fluid concept  turning on the assessment of probabilities in particular factual contexts  not readily, or even usefully, reduced to a neat set of legal rules. (Emphasis added). Gates, 462 U.S. at 232, 103 S.Ct. at 2329, 76 L.Ed.2d at 544.
In the same vein, affidavits for search warrants must be tested and interpreted by magistrates and courts in a commonsense fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. State v. Cook, 213 So.2d 18 (Fla. 3d DCA 1968), citing United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). The facts constituting cause need not meet the standard of conclusiveness and probability required of circumstantial facts upon which a conviction must be based. State v. Drowne, 436 So.2d 916 (Fla. 4th DCA 1983). Reaffirming these premises, the Supreme Court in New York v. P.J. Video, Inc., 475 U.S. 868, 876, 106 S.Ct. 1610, 1615, 89 L.Ed.2d 871, 881 (1986), concluded:
Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision.
... .
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before *1099 him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Accordingly, a magistrate's determination of probable cause should be paid great deference by reviewing courts. After the fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). The duty of the reviewing court is to insure that the magistrate who has issued the search warrant had a substantial basis for concluding that probable cause existed. State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA 1983).
In applying these time tested standards to the instant case, we believe that the magistrate had a substantial basis for concluding that there was a fair probability that contraband or evidence of a crime would be found at appellant's residence.
The deputy's affidavit indicates that appellant began taking nude pictures of the child at age eight and continued over a four-year period. The affidavit further reflects that appellant was taking pictures of the nude child in various poses and that appellant graduated into videotape recording after the child matured into womanhood.
We believe that continuing incidents of nude photography involving appellant and an adult female, the nude videotaping of a twelve-year-old physically developed female child and another female child stripping down to her panties, the frequency and duration of these sessions, indicates a course of conduct whereby the magistrate could reasonably believe that appellant's conduct involved illegal activity.
We agree that nudity alone may under different circumstances be purely innocent. Yet, conduct which might be purely innocent can be found to be lewd and lascivious if accompanied by the requisite improper intent. Egal v. State, 469 So.2d 196 (Fla. 2d DCA 1985), review denied, 476 So.2d 673 (Fla. 1985).
Based upon the totality of the circumstances presented by the facts of this case, we affirm point I on appeal.
Appellant's second point on appeal raises several issues. First, he challenges the constitutionality of section 827.071(5), Florida Statutes (1987). We disagree and uphold the constitutionality of the statute upon the authority of State v. Beckman, 547 So.2d 210 (Fla. 5th DCA 1989).
Appellant's second issue under this point warrants discussion. Schmitt claims that section 827.071(1)(g), Florida Statute (1987), is void for vagueness and suffers from overbreadth.
Section 827.071(1)(g) provides:
(g) "Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.
(Emphasis added.)
Appellant argues that the statute is overbroad because this conduct can include a parent patting a baby's diapered behind or a high school yearbook with prom photos showing couples draped around each other in a slow dance.
In State v. Tirohn, 556 So.2d 447 (Fla. 5th DCA 1990), appellee claimed that the language of section 827.071(1)(g) would prohibit possession of a picture of a father bathing his son, two clothed children hugging each other in such a way that their clothed genitals made actual physical contact, or a photograph of a junior high school coach giving a congratulatory smack of the hand to the buttocks of one of his players fully dressed in football uniform. The fifth district concluded that the statute was overbroad and struck down this portion of the statute as unconstitutional. We agree that the statute is overbroad. However, we choose to construe the statute *1100 narrowly as applying only to lewd or lascivious conduct.[1] We also reject appellant's void-for-vagueness argument. The fact that several interpretations of the statute may be possible does not render a law void for vagueness. "Words inevitably contain germs of uncertainty" but when regulations "are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, there is no sacrifice to the public interest." City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla. 1985).
Appellant erroneously asserts that he has a constitutional right to possess child pornography in his own home. Recently, the United States Supreme Court addressed a similar issue in Osborne v. Ohio, ___ U.S. ___, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). In that case, an Ohio statute made it a criminal offense to "possess or view any material or performance that shows a minor who is not the person's child in a state of nudity." Appellant was convicted of possessing nude photographs of a male adolescent in sexually explicit positions. The Ohio Supreme Court construed the statute narrowly as applying to lewd exhibitions or graphic focus on the genitals. By limiting the statute's operation, the Ohio Supreme Court avoided penalizing persons for viewing or possessing innocuous photographs of naked children. Appellant challenged the statute on overbreadth grounds. The Supreme Court upheld the constitutionality of the statute. Justice White, writing for the majority, rejected appellant's argument that possession of child pornography in the home is protected by the First Amendment. Referring to its decision in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), Justice White cautioned that Stanley should not be read too broadly.
We have previously noted that Stanley was a narrow holding ... and, since the decision in that case, the value of permitting child pornography has been characterized as "exceedingly modest, if not de minimis." (Citations omitted.)
___ U.S. at ___, 110 S.Ct. at 1695.
In the same vein, the high court rejected Osborne's overbreadth challenge and found that the narrow construction of the statute avoided any overbreadth problems. Likewise, we hold that appellant has no constitutional right to possess child pornography in his home and reject his overbreadth challenge. Lastly, we reject appellant's privacy argument pursuant to Article I, Section 23, of the Florida Constitution. State v. Hume, 512 So.2d 185 (Fla. 1987).
As to appellant's third point raised on appeal, we find that the trial court erred in adjudicating appellant guilty in counts IV, VI, VII and IX of the indictment. The trial judge declined to dismiss certain counts of the information charging appellant with promoting a sexual performance by a child in violation of section 827.071(2), Florida Statutes (1987), because topless dancing by a well-developed female child wearing only bikini panties does not constitute "sexual conduct" by a child as that phrase is defined in section 827.071(1)(g) and (h).
In State v. Gray, 435 So.2d 816 (Fla. 1983), the supreme court concluded that if a charging instrument completely fails to charge a crime, a conviction violates due process. Moreover, where an indictment or information wholly omits to allege one or more essential elements of the crime, it fails to charge a crime under the law of the state. Since a conviction cannot rest upon such an indictment or information, the complete failure of an accusatory instrument to charge a crime is a defect that can be raised at any time, before trial, after trial, on appeal or by habeas corpus. Id. at 818.
In the instant case, sexual performance, pursuant to the statute, has two requirements. First, it must be a performance. Second, the performance must include *1101 the criteria enounced for sexual conduct. These requirements were not met. Indeed, if the legislature did intend to proscribe this type of conduct, the language of these statutes does not support that intent. The record is clear that the state could have amended these counts to provide graphic detail of appellant's vile conduct. While we reverse the convictions in these counts, we do so without prejudice to the state's right to refile a proper information setting forth the allegations which would support these counts.[2]See, e.g., Zanger v. State, 548 So.2d 746 (Fla. 4th DCA 1989). Accordingly, we reverse and remand point III on appeal.
In point IV, appellant argues that the trial court erred in failing to dismiss counts IV through VII where the videotape was never shown to an audience. This court addressed a similar argument addressed in Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1990). In Firkey, appellant videotaped an alleged sexual battery. He asserted that his conviction for having a child engage in a sexual performance, pursuant to section 827.071, Florida Statutes (1987), could not stand since the videotape had never been exhibited to an audience. Section 827.071(1)(b), Florida Statutes (1987), reads:
(b) Performance means any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.
Appellant chooses to read this court's decision as requiring that the person recorded must be unaware of the videotaping. Thus, since the child was aware of the videotaping, no violation of the statute occurred. Such an interpretation is without logic or support. As the Firkey court stated:
[T]he legislature did not intend the creator of such a motion picture complete with sound should escape prosecution because he had not, as yet, had time to exhibit his vile handiwork."
Id. at 584.
Accordingly, we affirm point IV on appeal.
Finally, we find that the trial court erred in adjudging appellant guilty of seven counts of possession of photographs of a child's sexual conduct. Section 827.071(5), Florida Statutes (1987), reads in pertinent part:
(5) It is unlawful for any person to knowingly possess any photograph, motion picture, exhibition, show, representation, or other presentation which in whole or in part, he knows to include any sexual conduct by a child.
(Emphasis added).
Appellant was charged in counts VIII through XIV and adjudged guilty with the possession of seven different photographs. We conclude that by use of the word "any," the legislature intended that possession of several articles should be treated as a single offense with multiple convictions and punishments precluded. State v. Watt, 462 So.2d 813 (Fla. 1985). Thus, appellant's six additional convictions must fall. Accordingly, we affirm in part and reverse and remand in part to the trial court for further action consistent with this opinion.
DELL and WALDEN, JJ., concur.
NOTES
[1] "The term `lewd and lascivious' has been referred to as generally and usually involving `an unlawful indulgence in lust, eager for sexual indulgence'... . That term has also been said to connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator... . The term `imports more than a negligent disregard of the decent proprieties and consideration due to others.'" Egal v. State, 469 So.2d at 197 (citations omitted).
[2] The record reveals that police seized several video scripts entitled, "Female Rambos" and "Christy Nasty" complete with costumes, that were ready for production by appellant. Similarly, one videotape seized reveals appellant directing his daughter to insert an object into her vagina. Thus, the state could have amended the information to comply with the statutory language.