HARRIS, Judge.
Keisha Marin raises two issues on appeal: first, whether she can be convicted of two separate offenses of intent to defraud another by having “possession, custody, or control” of two credit cards stolen from the same individual when under the allegations and proof such custody occurred “during the same time and space,” and second, whether it was error for the court to permit the State to impeach "with the deposition (which was not videotaped) of a person under sixteen. We affirm on both issues.
In State v. Watts, 462 So.2d 813 (Fla.1985), the supreme court explained its “a/any” rule as follows: “We reasoned that Grappin may be charged in a five-count information with five thefts because the article ‘a’ prefaced firearm. We noted that the use of the article ‘a’ in reference to ‘firearm’ in section 812.014(2)(b)8 clearly shows that the legislature intended to make each firearm a separate unit of prosecution.” Watts, 462 So.2d at 814.
The statute under which Marin was charged makes it a crime for one who intends to defraud another to have “a counterfeit credit card ... in his possession, custody, or control ...” A “counterfeit credit card” is defined to include a stolen credit card. Therefore, under the Watt’s “a/any” rule, the legislature intended to make the possession of each stolen credit card a separate unit of prosecution.
On the issue relating to the deposition of the fifteen year old witness which was not videotaped, we find that any error was harmless. The deposition was audio recorded and clearly demonstrated that the witness, whose mother was present throughout the deposition, was not intimidated or mistreated in any fashion. It simply did not affect the result of this ease in any way.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.