GREEN, Judge.
Armond Thibeault timely appeals the judgments and sentences adjudicating him guilty of possession of a computer generated photograph with intent to promote a sexual performance by a child; utilizing a computer on-line service to solicit a child to commit an illegal act; attempt to commit a lewd and lascivious act upon a child; multiple counts of possession of a photograph which includes sexual conduct by a child; and multiple counts of attempt to transmit obscene material to a minor. He was sentenced to 21.4 months in prison followed by five years on probation. We affirm in part and reverse in part.
Stated briefly, from June 27, 1997, through July 10, 1997, in Manatee County, Florida, Thibeault was logged onto the computer service, America Online. His screen name was RINGSS-12. He began having conversations over the internet with an individual who he believed to be a fifteen year old boy residing in Bradenton, under the screen name BOBBYC-15.
The “boy” was in fact a Manatee County deputy sheriff who was over the age of eighteen. Thibeault agreed to send sexually explicit photographs to the deputy who he believed to be a fifteen year old boy. Through his computer drive, Thi-beault sent a number of pictures depicting children under the age of sixteen in sexually explicit positions. Thibeault eventually agreed to meet BOBBYC-15 after indicating a desire to perform a number of explicit sexual acts upon him.
A meeting was arranged between them and it was actually a woman deputy sheriff dressed to look like a fifteen year old boy, who appeared. Thibeault was immediately arrested and essentially admitted all particulars of the charges against him.
Multiple counts were filed and Thibeault raises three issues in this appeal, only one of which we believe merits consideration. Counts XIX through XXXIII and XXXV through XLI were for attempt to knowingly transmit any obscene material to a minor. These counts were based on violations of section 847.0133, Florida Statutes (1997). Thibeault was charged with a separate count for each image that was sent to BOBBYC-15. These images were apparently sent in only one computer transmission. The record is not entirely clear on this point, but the parties seem to agree there was only one “episode” which was the basis for the charges under these counts.
Thibeault contends that the “a/any” test enunciated by the Florida Supreme Court required that only one count under section 847.0133 should have been charged. According to the supreme court, when the article “a” precedes the item described in a statute, it is the intent of the legislature to make each separate item subject to a separate prosecution. See Grappin v. State, 450 So.2d 480 (Fla.1984). When the article “any” precedes the item, then only one prosecution per criminal episode can take place, even for multiple items. See State v. Watts, 462 So.2d 813 (Fla.1985). The reason for this is that the use of the plural adjective “any” in connection with a singular noun renders the statute ambiguous. See Wallace v. State, 724 So.2d 1176 (Fla. 1998); Watts, 462 So.2d at 814.
*30 Florida courts since Watts, have applied the “a/any” test as dispositive. See Pierce v. State, 681 So.2d 873 (Fla. 1st DCA 1996) (section 843.01 permits only one conviction of resisting an officer during a single incident involving multiple officers). The “a/ any” test has also been applied in the context of felony possession of firearms. See Hill v. State, 711 So.2d 1221 (Fla. 1st DCA 1998).
The Fourth District dealt with section 827.071(5), Florida Statutes (1987), which made it a crime to possess “any” photograph, etc., that depicted sexual conduct by a child. The court in Schmitt v. State, 563 So.2d 1095 (Fla. 4th DCA 1990), applied the “a/any” test and said the use of the word “any” indicated the legislature intended the possession of several articles should be treated as a single offense. Subsequent to that decision, the legislature amended the statute and changed the word “any” to “a.”
We, therefore, affirm the convictions in the instant appeal, including count XIX, but direct that counts XX through XXXIII and counts XXXV through XLI, be dismissed. We reverse all sentences because of the necessity of preparing an adjusted scoresheet.
Affirmed in part; reversed in part.
PARKER, C.J., and CASANUEVA, J„ Concur.