’ KLEIN, J.,
dissenting.
I respectfully dissent because I conclude that the statutory use of “any human being,” rather than “a human being,” means that appellant can be convicted of only one crime. As the majority notes, in State v. Watts, 462 So.2d 813 (Fla.1985), our supreme court held that when a statute says “any” rather than “a” it is ambiguous, and under principles of lenity must be interpreted to preclude multiple convictions.
The fact that our supreme court held in Melbourne v. State, 679 So.2d 759 (Fla.1996) that two convictions under this statute do not violate double jeopardy has no bearing on whether the languagé of the statute permits two convictions. The “a/ any” distinction was not considered by the court in Melbourne. If that issue had been raised, Watts would have precluded two convictions. Watts could not have been overruled, in Melbourne, because Watts was later followed in Wallace v. State, 724 So.2d 1176 (Fla.1998)(defendant who resisted two officers could only be charged with one crime because the statute prohibited resisting “any” officer).
Although appellant did not make the “a/any” argument in the trial court, being convicted of two crimes, when a statute authorizes only one, is fundamental error. Vance v. State, 472 So.2d 734 (Fla.1985); Troedel v. State, 462 So.2d 392 (Fla.1984). I would therefore reverse one of the manslaughter convictions.