PER CURIAM.
James Brooks entered a plea of nolo contendere to a charge of attempted robbery. A Judgment was entered and he was sentenced as a habitual violent felony offender to ten years in prison with an enhancement of five years minimum mandatory imprisonment. On appeal, this court determined that the sentence was improper because carjacking, the offense used to qualify Brooks as a habitual felony offender, is not an enumerated offense under section 775.084(l)(b), Florida Statutes (2000). This court reversed and remanded for a proper sentence to be entered. See Brooks v. State, 837 So.2d 1125 (Fla. 4th DCA 2003).
On May 23, 2003, in response to this court’s opinion, the trial court entered an order vacating the previous Judgment and Sentence and- scheduled a re-sentencing hearing. Immediately prior to the re-sentencing hearing, the state filed an Amended Information charging Brooks with robbery. At the hearing, Brooks submitted a plea of guilty to the charge of robbery pursuant to a plea agreement with the state that he would be sentenced to ten years in prison, to run concurrently with the sentences he received on separate violation of probation charges. The trial court accepted the plea and entered a Judgment convicting Brooks of robbery.
Brooks argues that the Judgment entered on May 23, 2003, violated his right to be free from double jeopardy. We agree. Jeopardy attached when the trial court accepted Brooks’s plea of nolo con-tendere to the charge of attempted robbery and entered a Judgment based on that plea. See State v. Johnson, 483 So.2d 420 (Fla.1986). Pursuant to this, court’s mandate, the trial court should have simply re-sentence.d Brooks based on his plea of nolo contendere to .the charge of attempted robbery. The trial court should not have allowed -the State to file an Amended Information charging Brooks with robbery and should not have permitted Brooks to enter'a plea to the increased charge of robbery during what should have simply been a re-sentencing hearing. Double jeopardy prohibits Brooks from being charged .and convicted .with robbery after the trial court accepted his plea of nolo contendere to attempted robbery. See Smith v. State, 559 So.2d 1281 (Fla. 5th DCA 1990).
The state argues that Brooks’s plea to the charge of robbery was completely voluntary and therefore not error. However, the right not to. be placed twice in jeopardy is fundamental and the failure to object at the trial level does not waive the *1286 issue for appeal. See Rivera v. State, 745 So.2d 343 (Fla. 4th DCA 1999).
The Judgment convicting Brooks of robbery is void and the sentence arising from that conviction is invalid. Therefore, Brooks’s conviction for robbery is reversed and the matter is remanded for re-sentencing on the charge of attempted robbery.
REVERSED AND REMANDED.
STEVENSON and HAZOURI, JJ., concur.
STONE, J., concurs specially with opinion.