DAMOORGIAN, J.
 

 We affirm the trial court’s denial of Danny Lee Mauldin’s Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Mauldin’s consecutive sentences for two counts of aggravated assault do not violate the prohibition against double jeopardy.
 

 In 2002, Mauldin pointed a BB gun at two people seated in a car and threatened to “cap them.” He was arrested shortly after and charged with two counts of aggravated assault with a deadly weapon. He entered a plea and was placed on probation.
 
 [1]
 
 He later violated his probation
 
 *27
 
 and was placed on community control followed by probation. He again violated his supervision, and on January 10, 2006, the court sentenced him to two consecutive terms of five years in prison.
 

 Following his sentence, Mauldin filed a Rule 3.800(a) motion arguing that the multiple convictions for aggravated assault and the consecutive sentences he received violated the prohibition against double jeopardy. A Rule 3.800(a) motion cannot be used to set aside the convictions, but Mauldin could raise a double jeopardy challenge to his sentences if the illegality of the sentence is apparent from the face of the record.
 
 See Henry v. State,
 
 920 So.2d 1204 (Fla. 4th DCA 2006).
 
 See also Coughlin v. State,
 
 932 So.2d 1224 (Fla. 2d DCA 2006);
 
 Smith v. State,
 
 886 So.2d 336 (Fla. 5th DCA 2004).
 

 The factual basis for Mauldin’s plea is not disputed and it is clear from the face of the record. The only cognizable issue in this case is whether he could receive consecutive sentences. Section 775.021(4)(a), Florida Statutes (2002), permits consecutive sentences for multiple convictions arising from a single episode. Therefore, we review the propriety of the multiple convictions solely to determine whether consecutive sentences are permitted. We also write to address an aspect of double jeopardy analysis that requires some clarification.
 

 The State, in its response to the trial court, argued that multiple convictions for aggravated assault were authorized by sections 775.021(4)(a) and (b). These provisions were enacted by the legislature following the decision in
 
 Carawan v. State,
 
 515 So.2d 161 (Fla.1987), which held that a single act could not form the basis for more than one conviction and sentence.
 
 Id.
 
 The legislature, in response to that decision, enacted and essentially codified the Bloclcburger
 
 [2]
 
 “same elements” test in section 775.021(4), Florida Statutes (2002), which is used when determining whether an act that violates multiple statutes can be punished separately. The State asserts that the
 
 Bloclcburger
 
 test was not violated in this case because the two offenses involved different victims.
 

 Mauldin, however, was charged with two counts of the same offense for a single act against multiple victims. The Supreme Court has held that when performing
 
 Bloclcburger
 
 double jeopardy analysis the court is to look
 
 solely to the staUitory elements
 
 and not to the allegations in the charging document or the evidence adduced at trial.
 
 State v. Paul,
 
 934 So.2d 1167, 1173 (Fla.2006) (emphasis added). Section 775.021(4)(a) provides that offenses should be considered separate “if each offense requires proof of an element that the other does not,
 
 without regard to the accusatory pleading or the proof adduced at trial.”
 
 (emphasis added).
 

 If a defendant is charged with two counts of the same statutory offense, then obviously those counts have the same elements. The proper double jeopardy analysis that applies in that situation is the “allowable unit of prosecution” standard of
 
 Sanabria v. United States,
 
 437 U.S. 54, 69-70, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).
 
 McKnight v. State,
 
 906 So.2d 368, 371 (Fla. 5th DCA 2005) (applying the allowable unit of prosecution standard and finding that two convictions for vehicular homicide for the death of two victims in a single acci
 
 *28
 
 dent was permissible). “The Legislature defines whether offenses are the same by prescribing the ‘allowable unit of prosecution,’ which is the aspect of criminal activity that the Legislature intended to punish.”
 
 Id.
 
 at 371. Double jeopardy is not violated if the legislature intended separate punishments.
 

 Here, we hold that consecutive sentences from these multiple convictions were permissible. It is clear from the assault statute that the legislature intended to punish the criminal defendant separately for each victim the defendant placed in fear by his or her threat. The assault statute defined the offense as: “[A]n intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such person that such violence is imminent.” § 784.011(1), Fla. Stat. (2002). An element of assault is the placing in fear of a “person,” and the statute criminalizes unlawful threats to “the person of another.” Where multiple persons are placed in well-founded fear of imminent violence by a single threat, and the elements of the offense are otherwise satisfied, multiple convictions are permissible. Thus, the statute is not ambiguous as to the allowable unit of prosecution. The rule of lenity does not apply in this situation.
 
 [3]
 

 We further find that
 
 Vance v. State,
 
 472 So.2d 734 (Fla.1985),
 
 Green v. State,
 
 706 So.2d 884 (Fla. 4th DCA 1998), and
 
 Canion v. State,
 
 661 So.2d 931 (Fla. 4th DCA 1995), relied upon by Mauldin, are distinguishable. In these cases, the courts held that multiple convictions for improper firearm display were not authorized because the statute provided that the offense was committed when a person exhibited a firearm “in the presence of
 
 one or more persons.”
 
 § 790.10, Fla. Stat. (2002) (emphasis added). In contrast to the assault statute, the statutory language in those cases showed that the legislature intended to punish the conduct of improperly displaying a firearm and did not intend separate punishments for each person that witnessed the display.
 
 Id.
 

 Further, multiple convictions under the assault statute do not violate the prohibition against double jeopardy because the assault statute does not criminalize a “course of conduct.” In
 
 Blockburger,
 
 the Court discussed the distinction between continuing offenses and offenses that punish individualized conduct. Quoting Wharton’s Criminal Law, the Supreme Court explained that: “The test is whether the individual acts are prohibited, or the course of action which they constitute.” 284 U.S. at 302, 52 S.Ct. 180. If a statute intends to punish individual acts, then separate punishments are permitted. If the intent is to punish the course of conduct, then only one penalty can be imposed.
 

 The gravamen of the assault statute is the placing in fear of a person. The legislature intended separate punishments when a defendant’s threat places more than one person in well-founded fear. Accordingly, the prohibition against double jeopardy was not violated.
 

 Affi'rmed.
 

 GROSS, C.J., and MAY, J., concur.
 

 [1]
 

 . The State did not argue that Mauldin waived a double jeopardy claim in this case through entiy of a negotiated plea.
 
 Novaton v. State,
 
 634 So.2d 607 (Fla.1994). The rec
 
 *27
 
 ord indicates that Mauldin entered a general or open plea which does not waive a double jeopardy claim where the other elements of the
 
 Novaton
 
 exception are met.
 
 See Demps v. State,
 
 965 So.2d 1242, 1243 (Fla. 4th DCA 2007).
 

 [2]
 

 .
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
 

 [3]
 

 . In Section 775.021(4)(b), the legislature provided: "The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent."