CONNER, J.
 

 Jarrod Richard Allen appeals the denial of his motion to dismiss eighteen counts of violating section 847.0138(2), Florida Statutes (2008). He argues that he was improperly charged with twenty counts of transmitting images harmful to minors when he sent only two instant messages to an undercover detective. Allen argues on appeal that section 847.0138(2) allows for only one unit of prosecution when multiple images are attached to one instant message transmission. We agree with the trial judge’s interpretation of the statute and affirm the decision of the trial court.
 

 A Martin County Sheriffs Office undercover detective, conducting an online investigation by posing as a fourteen-year-old girl, received communications through Yahoo! Messenger from “blacksteelll8.” Blacksteelll8 was Allen, who identified himself as a sixteen-year-old male from Tampa. At the time, Allen was thirty-six and lived in an apartment in Altamonte Springs. Attached to two separate instant messages, Allen transmitted a total of twenty images of Caucasian and black penises to show size comparison.
 

 Detectives from the Altamonte Springs Police Department accompanied the undercover detective to Allen’s apartment and asked to speak with Allen about the Internet investigation. During a voluntary interview, Allen admitted using the screen name “blacksteelll8” and sending images of nude males to underage females. The detectives then executed a search warrant and obtained several computers from Allen’s residence. Allen was arrested and charged with twenty counts of transmission of material harmful to a minor by
 
 *120
 
 electronics, in violation of section 847.0138(2), by sending two instant-message transmissions with ten images attached to each.
 

 Allen moved to dismiss eighteen of the counts on the grounds that there were only two instant-message transmissions. At the hearing on the motion to dismiss, the undercover detective testified that Allen sent two separate instant messages with ten sexually explicit photographs attached to each. The detective testified that he had to download the photographs from the instant messages individually and that they were “transmitted individually.” Without a written order, the trial judge denied Allen’s motion to dismiss and gave his reasoning on the record:
 

 In this case the uncontroverted testimony ... presented by the officer as the only one who testified in this matter is that he received 10 individual images .... [T]he uncontroverted evidence is that he received one at a time, he received images according to the testimony of 20 different images sent by the-allegedly by the Defendant and they were individually downloaded on his computer. It seems to make logical sense to that under the statute that a person who sends one image would be treated as someone who sent 6,000 images under the Defense argument and it would be treated the same and that doesn’t make logical sense, but my job is to just interpret or just to say exactly what the legislature said and they said anyone who sends “an,” meaning one image, is guilty of a third-degree [crime] and in this case there was more than “an,” one image sent, there w[ere] 20 images allegedly sent, therefore, it seems to be properly — charged and the motion to dismiss is denied, the record is made clear for any appellate purposes.
 

 Allen pled guilty to each of the twenty counts, reserving his right to appeal the denial of his motion to dismiss. The trial judge sentenced Allen to 180 months in prison, followed by fifteen years of probation. The judge based the sentence on the number of counts of conviction. On appeal, Allen pursues his argument that his motion to dismiss eighteen of the counts should have been granted under his interpretation of section 847.0138(2).
 

 “Questions of statutory interpretation are subject to de novo review.”
 
 Mendenhall v. State,
 
 48 So.3d 740, 747 (Fla.2010). “[L]egislative intent is the polestar that guides a court’s statutory construction analysis.”
 
 Knowles v. Beverly Enters.-Fla.,
 
 898 So.2d 1, 5 (Fla.2004). In determining that intent, “we look first to the statute’s plain meaning.”
 
 Id.
 
 (quoting
 
 Moonlit Waters Apartments, Inc. v. Cauley,
 
 666 So.2d 898, 900 (Fla.1996)).
 

 The statute at issue provides:
 

 [A]ny person in this state who knew or believed that he or she was transmitting an image, information, or data that is harmful to minors, as defined in s. 847.001, to a specific individual known by the defendant to be a minor in this state commits a felony of the third degree ....
 

 § 847.0138(2), Fla. Stat. (2008). Allen contends that only two units of prosecution should be allowed against him because two transmissions occurred, irrespective of the number of attached photographs. The State maintains that each of the twenty pictures constitutes a separate violation or count.
 

 The statute defines “transmit” as “to send to a specific individual known by the defendant to be a minor via electronic mail.” § 847.0138(l)(b), Fla. Stat. The statute also clarifies that “[t]he provisions of this section do not apply to subscription-based transmissions such as list servers.” § 847.0138, Fla. Stat. “Thus, electronic mail is the only regulated transmission mechanism,” and the Florida Supreme
 
 *121
 
 Court recognizes “electronic mail” to be “both email and electronic mail sent by instant messaging.”
 
 Simmons v. State,
 
 944 So.2d 817, 325
 
 &
 
 n. 7 (Fla.2006).
 
 [1]
 
 Therefore, the instant messages transmitted by Allen to the undercover detective are encompassed by section 847.0138(l)(b). The statute has been interpreted to contain a geographic knowledge component: “[T]he Florida transmission statute provides that the sender who transmits the email containing material that is harmful to minors must either know or believe that the specific individual who is the recipient of the e-mail is a minor
 
 located in Florida. Id.
 
 at 332-33 (emphasis in original).
 

 The undercover detective testified that he had to open each of the photographs attached to Allen’s email message individually. This indicates that the photographs were separate pictures attached to the message, although they were sent in one message. The photographs were not viewable with the message and had to be opened one by one, making them individual photographs amenable to being individual counts under section 847.0138. The statute states that the punishable conduct is transmitting
 
 “an
 
 image ... that is harmful to minors,” which plainly means each individual photograph.
 
 [2]
 
 § 847.0138(2), Fla. Stat. (emphasis added).
 

 In
 
 Grappin v. State,
 
 450 So.2d 480 (Fla.1984) our supreme court held that when the article “a” precedes the item described in a statute, it is the intent of the Legislature to make each separate item subject to a separate prosecution. Subsequent to
 
 Grappin,
 
 our supreme court held in
 
 State v. Watts,
 
 462 So.2d 813 (Fla.1985) that when the article “any” precedes the item, then only one prosecution per criminal episode can take place, even for multiple items. In
 
 Schmitt v. State,
 
 563 So.2d 1095 (Fla. 4th DCA 1990) we applied the “a/ any” test to section 827.071(5), Florida Statutes (1987), dealing with possessing “any” photograph that depicted sexual conduct by a child, and held only one unit of prosecution could lie against a father who possessed seven photographs of his minor daughter’s sexual conduct.
 
 [3]
 
 Subsequent to our decision in
 
 Schmitt,
 
 the Legislature amended section 827.071 to punish possession of “a” photograph that depicted sexual conduct by a child. The Legislature was aware of the application of the “a/any” test by Florida courts when it enacted section 847.0138 in 2001. It seems clear the Legislature intended separate prosecutions for
 
 *122
 
 multiple images transmitted in one instant message when referencing “an image” (instead of “any image”) when it enacted section 847.0138.
 

 The trial judge correctly analyzed that it would make no sense to consider twenty or 6000 photographs harmful to minors as only one unit of prosecution simply because they are attached to a single electronic transmission. That result would defeat the plain meaning of the statute. Accordingly, the trial judge correctly denied Allen’s motion to dismiss eighteen of the twenty counts with which he was charged.
 
 [4]
 

 Affirmed.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . "To the extent that the term ‘electronic mail' is not sufficiently defined by the statute, we interpret it as including both email and instant message communications sent to a specific individual."
 
 Simmons,
 
 944 So.2d at 329. "Thus, the statute does not apply to websites or other materials posted on the Internet for general public viewing.”
 
 Id.
 

 [2]
 

 . The definition of “harmful to minors,” contained in section 847.001(6), derives from the constitutional obscenity standard from
 
 Miller v. California,
 
 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and its application in the context of juveniles in
 
 Ginsberg v. New York,
 
 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968).
 
 Simmons,
 
 944 So.2d at 325.
 

 [3]
 

 . After
 
 Watts,
 
 Florida courts have applied the "a/any” test as dispositive on the issue of what is a unit of prosecution.
 
 See Pierce v. State,
 
 681 So.2d 873 (Fla. 1st DCA 1996) (section 843.01 permits only one conviction of resisting an officer during a single incident, involving multiple officers);
 
 Hill v. State,
 
 711 So.2d 1221 (Fla. 1st DCA 1998) ("a/any” test applied in the context of felony possession of firearms);
 
 Thibeault v. State,
 
 732 So.2d 28 (Fla. 2d DCA 1999) ("a/any” test applied in the context of section 847.0133 punishing the transmission of obscene material to a minor). In
 
 Bautista v. State,
 
 863 So.2d 1180, 1181 (Fla.2003), the supreme court clarified "the a/any test is not an infallible or exclusive indicator of legislative intent. Rather, absent clear legislative intent to the contrary, the a/any test serves as a valuable but nonexclusive means to assist the courts in determining the intended unit of prosecution.”
 

 [4]
 

 . Allen’s double jeopardy argument is unavailing. "The Fifth Amendment guarantee against double jeopardy protects a defendant from, among other things, multiple punishments for the same offense."
 
 State v. Sholl,
 
 18 So.3d 1158, 1162 (Fla. 1st DCA 2009). Because, under section 847.0138(2), each attached and transmitted photograph is a separate, punishable violation, there is no double jeopardy.