DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ADONIS LOSADA,**
Appellee.

No. 4D14-2098

[September 24, 2015]

CORRECTED OPINION

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 502009CF011930A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellant.

No appearance for appellee.

FORST, J.

The State timely appeals the order vacating in part the conviction of Adonis Losada ("Appellee"), and dismissing thirty-one of thirty-three counts of Transmission of Child Pornography pursuant to sections 847.0137(2) and (3), Florida Statutes (2009), as well as thirty-one of thirty-three counts of Computer Pornography under section 847.0135(2), Florida Statutes (2009). For the reasons stated below, we affirm.

## Background

Appellee's charges are based on two interactions with an undercover police officer which occurred on different days. During their first encounter, Appellee sent the officer a single image containing child pornography through an online chat. During their second interaction, the officer requested and was granted access to files stored on Appellee's computer through the use of the file-sharing program "GigaTribe." From this access, the officer downloaded and obtained thirty-two additional images of child pornography.

The State charged Appellee with one count of Transmission of Child Pornography and one count of Computer Pornography for each image obtained by the officer (a total of sixty-six counts). Appellee was convicted by a jury on all charges. Subsequently, the trial court held a sentencing hearing where the State recommended a sentence of fifty years in prison. *Sua sponte*, and after requesting and reviewing sentencing memoranda from the State and Public Defender, the court considered whether the State's recommended sentence would be a double jeopardy violation.

The trial court decided to vacate in part Appellee's conviction, resulting in the dismissal of all but four counts: one count of Transmission of Child Pornography and one count of Computer Pornography for each of the two interactions with the officer. This resulted in a sentence of ten years. The court found that pursuant to the Florida Supreme Court's "a/any" test, which is derived from *Grappin v. State*, 450 So. 2d 480 (Fla. 1984), and *State v. Watts*, 462 So. 2d 813 (Fla. 1985), the Florida Legislature did not specifically envision an image-by-image charging system for the Computer Pornography statute or the Transmission of Child Pornography statute.

**Analysis**

The Fifth Amendment double jeopardy clause protects against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). A violation of double jeopardy constitutes fundamental error. *Brooks v. State*, 873 So. 2d 1284, 1285-86 (Fla. 4th DCA 2004). When deciding whether double jeopardy is violated, the standard of review is *de novo*. *Trotter v. State*, 825 So. 2d 362, 365 (Fla. 2002). If a defendant is charged with more than one count of the same statutory offense, the "allowable unit of prosecution" standard applies, which is "the aspect of criminal activity that the Legislature intended to punish." *Mauldin v. State*, 9 So. 3d 25, 28 (Fla. 4th DCA 2009) (quoting *McKnight v. State*, 906 So. 2d 368, 371 (Fla. 5th DCA 2005)). "Double jeopardy is not violated if the legislature intended separate punishments." *Id.*

"Legislative intent is the polestar that guides a court's statutory construction analysis." *Bautista v. State*, 863 So. 2d 1180, 1185 (Fla. 2003). In order to determine legislative intent, "courts should look [first] to the statute's actual language." *Bryan v. State*, 865 So. 2d 677, 679 (Fla. 4th DCA 2004). If and only if "[that language] is unclear should the court resort to traditional rules of statutory construction and examine legislative

history."[1] *Id.* In performing this analysis, a court must "'consider the statute as a whole, including the evil to be corrected [and] the language, title, and history of its enactment'" to decipher the statute's intent. *Bautista*, 863 So. 2d at 1185 (quoting *State v. Anderson*, 764 So. 2d 848, 849 (Fla. 3d DCA 2000)). If the statute is still ambiguous, under the rule of lenity, the statute is construed in favor of the accused. *Wallace v. State*, 724 So. 2d 1178, 1180-81 (1998).

The trial court concluded that Appellee's actions with respect to the GigaTribe images constitutes a "transmission" covered by the statute. Recently, in *Smith v. State*, 40 Fla. L. Weekly D738 (Fla. 4th DCA Mar. 25, 2015), we held that the use of a file-sharing program designed to allow one-on-one access to stored data as a way to share child pornography constituted a "transmission" under the same Florida statute sections at issue in the present case, sections 847.0137(2) and (3). *Id.* at D739.[2] We noted that "when the originator creates the shared file folder and specifically authorizes others to download the contents of that folder, he is 'sending' information in the form of the 'friend' request and is 'causing' the pornographic images to be delivered to another . . . and he reasonably could foresee that [the 'friends'] would access the folder and download the images, thus 'causing' them to be delivered to another." *Smith*, 2015 WL 1334323, at *3. We further concluded that "[t]he use of the phrase 'cause to be delivered' in the statute negates the construction that a person must himself deliver the files to another person, such as by attaching them to an email." *Id.*

We acknowledge that the plain meaning of the two statutes at issue here is ambiguous as to the Legislature's intent for the applicable unit of prosecution and we thus turn to the "a/any" test (which is in part responsible for the ambiguity). Sections 847.0137(2) and (3), Florida Statutes (2009), under which Appellee was charged, criminalize "transmitting child pornography." Under section 847.001(3), "'[c]hild pornography' means **any** image depicting a minor engaged in sexual conduct" (emphasis added). Section 847.0137(1)(b), defines "transmit" as

---

[1] An even more restrictive view of "the use of legislative history to find 'purpose' in a statute" (arguing that said use "provides great potential for manipulation and distortion") is set forth in Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 369-90 (2012).

[2] While we did not discuss a double jeopardy issue regarding the twenty counts against the defendant in *Smith* based on each image file that was shared through the program, this was because the defendant had entered into a plea and the only issue before the court was what constitutes a transmission. *Smith* at D738-39.

"the act of sending and causing to be delivered ***any*** image, information, or data from one or more persons or places to one or more other persons or places over or through any medium, including the Internet, by use of any electronic equipment or device" (emphasis added).

Section 847.0135(2)(a), Florida Statutes (2009), under which Defendant was also charged, provides that "A person who . . . [k]nowingly compiles, enters into, or transmits by use of computer . . . ***any*** notice, statement, or advertisement of any minor's [identifying details, such as name or telephone number] for purposes of facilitating, encouraging, offering, or soliciting sexual conduct of or with any minor, or the visual depiction of such conduct, commits a felony . . . ." (emphasis added).

The Florida Supreme Court has held that when the word "a" precedes an item described in a statute, it is the intent of the Florida Legislature to make each item subject to a separate prosecution. *Grappin*, 450 So. 2d at 482. But when the word "any" precedes the item, an ambiguity may arise as to the intended unit of prosecution. *Watts*, 462 So. 2d at 814. However, "the use of the word 'any' does not automatically render the statute ambiguous." *Bryan*, 865 So. 2d at 680; *but see State v. Rubio*, 967 So. 2d 768, 777-78 (Fla. 2007) (recognizing that the use of "any" is inherently ambiguous, though the "a/any" test is only one means to decipher the legislative intent of a statute).

The statutes at issue are similar to an earlier version of a related statute, section 827.071. In *Schmitt v. State*, 563 So. 2d 1095 (Fla. 4th DCA 1990), we applied the "a/any" test to construe section 827.071(5), Florida Statutes (1987), which dealt with possession of "any" photograph of sexual conduct of a child. We cited *Watts* in holding that "the legislature intended that possession of several articles should be treated as a single offense with multiple convictions and punishments precluded." *Schmitt*, 563 So. 2d at 1101. Subsequent to our decision in *Schmitt,* as this court noted in *Allen v. State*, 82 So. 3d 118 (Fla. 4th DCA 2012):

> . . . the Legislature amended section 827.071 to punish possession of "a" photograph that depicted sexual conduct by a child. The Legislature was aware of the application of the "a/any" test by Florida courts when it enacted section 847.0138 in 2001. It seems clear the Legislature intended separate prosecutions for multiple images transmitted in one instant message when referencing "an image" (instead of "any image") when it enacted section 847.0138.

*Allen,* 82 So. 3d at 121-22. In *Allen,* while noting that the "a/any" test is not dispositive, we applied it to section 847.0138, Florida Statutes (2001),

4

which prohibits the transmission of "an image" harmful to a minor to an individual known to be a minor. *Id.* at 121-22, 121 n.3. The defendant sent two instant messages, each containing ten individual images as attachments. *Id.* at 120. We held that because the Legislature used "an," rather than "any," and was aware of the application of the "a/any" test when it enacted section 847.0138, it seemed clear that the Legislature intended separate prosecutions for each of the images sent in the instant messages. *Id.* at 121-22.

Both statutes at issue in the instant case were enacted in 2001, the same year that section 847.0138 was enacted, subsequent to *Schmitt* and the legislative amendment of section 847.071 in 1997, and long after the Florida Supreme Court set forth the ""a/any" test in *Grappin* and *Watts.* Thus, we must conclude that the Legislature was well aware of the "a/any" test when it enacted these statutes, and the utilization of the word "any," rather than "a," suggests, per the Prior-Construction Canon,[3] the Legislature's intent was not to make each individual image subject to a separate prosecution.

Finally, to the extent that the analysis of the statutes using traditional rules of statutory construction leaves any room for ambiguity in the interpretation, the rule of lenity dictates construction of the statutes in favor of the accused.

## Conclusion

Pursuant to the Florida Supreme Court's "a/any" test and the rule of lenity, we conclude that Appellee's transmission of multiple images via a file-sharing program constituted only a single violation of each applicable statute, rather than one count for each individual image contained in the transmissions. Accordingly, we affirm.

*Affirmed.*

---

[3] *See Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1386 (2015) (referencing the rule set down in *Bragdon v. Abbott,* 524 U.S. 624, 645 (1998), that "when 'judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute' is presumed to incorporate that interpretation"); SCALIA & GARNER, *supra* note 1, at 322 ("If a statute uses words or phrases that have already received authoritative construction by the jurisdiction's court of last resort, or even uniform construction by inferior courts or a responsive administrative agency, they are to be understood according to that construction.").

STEVENSON and LEVINE , JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***