DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA TERREL BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-1488

[November 29, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562021CF001955A.

Carey Haughwout, Public Defender, and Mara Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Joshua Terrel Brown appeals his convictions for two counts of lewd or lascivious exhibition in the presence of a correctional facility employee, entered after a jury trial. We reject his double jeopardy argument and affirm the convictions, but we reverse certain costs imposed at sentencing. We affirm on all other issues.[1]

The evidence at trial demonstrated that Brown intentionally masturbated in his cell within the clear view of two members of the correctional facility's mental health staff.

---

[1] As to appellant's contention that he was entitled to a twelve-person jury, we affirm. *See Guzman v. State*, 350 So. 3d 72 (Fla. 4th DCA 2022), *rev. denied*, No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *cert. pending*, No. 23-5173 (U.S. July 21, 2023). Additionally, without further discussion, we affirm as to appellant's argument regarding fundamental error in the sentencing process.

On appeal, Brown argues that his two convictions for lewd or lascivious exhibition violate the prohibition against double jeopardy. He argues that the statute does not allow for multiple convictions "for a single act of lewd behavior when it is done in the presence of multiple employees."

In pertinent part, section 800.09(2)(a), Florida Statutes (2021), is directed at a person who "intentionally masturbate[s] . . . in the presence of a person he or she knows or reasonably should know is an employee." Subsection (1) defines "employee" to include "[a]ny person employed at or performing contractual services for a county detention facility." § 800.09(1)(a)4., Fla. Stat. (2021).

"The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction . . . ." § 775.021(4)(b), Fla. Stat. (2021). One exception to this rule of construction is for "offenses which require identical elements of proof." § 775.021(4)(b)1., Fla. Stat. (2021). If a defendant is charged with two counts of the same statutory offense, the "allowable unit of prosecution" standard applies to the double jeopardy analysis. *Mauldin v. State*, 9 So. 3d 25, 27 (Fla. 4th DCA 2009). The "unit of prosecution" means "the aspect of criminal activity that the Legislature intended to punish." *McKnight v. State*, 906 So. 2d 368, 371 (Fla. 5th DCA 2005). Determining the unit of prosecution "is a task of statutory construction." *Id.* "Double jeopardy is not violated if the legislature intended separate punishments." *Mauldin*, 9 So. 3d at 28.

To determine the unit of prosecution, courts look first to the statute's actual language. *State v. Losada*, 175 So. 3d 911, 913 (Fla. 4th DCA 2015). "If the statutory language is unclear, we apply rules of statutory construction and explore legislative history to determine legislative intent." *Bautista v. State*, 863 So. 2d 1180, 1185 (Fla. 2003). "In performing this analysis, a court must consider the statute as a whole, including the evil to be corrected and the language, title, and history of its enactment to decipher the statute's intent." *Losada*, 175 So. 3d at 913 (internal quotation marks and citation omitted). Finally, if the statute is still ambiguous, a court will apply the rule of lenity and construe the statute in favor of the accused. *Id.*

"[A]bsent clear legislative intent to the contrary, the a/any test serves as a valuable but nonexclusive means to assist courts in determining the intended unit of prosecution." *Bautista*, 863 So. 2d at 1188. Under this test, "when the article 'a' precedes the item described in a statute, it is the intent of the Legislature to make each separate item subject to a separate prosecution." *Allen v. State*, 82 So. 3d 118, 121 (Fla. 4th DCA 2012). By

2

contrast, "when the word 'any' precedes the item, an ambiguity may arise as to the intended unit of prosecution." *Losada*, 175 So. 3d at 914. Still, the unit of prosecution is not "automatically rendered ambiguous whenever a statute uses the word 'any.'" *Bautista*, 863 So. 2d at 1188.

Here, appellant's two convictions under section 800.09 for a single lewd act in the presence of two correctional facility employees did not violate double jeopardy. Section 800.09 is unambiguous and allows for separate convictions for each employee present during the lewd act.

Section 800.09(2)'s use of the word "a" in the phrase "presence of a person" indicates that each victim present at an exposure will support a separate charge. Applying the "a/any test," we conclude that the allowable unit of prosecution is the number of employees, not the number of lewd acts.

This interpretation is consistent with cases allowing multiple convictions for a single act where the statutory language reflected an intent to punish on a per-victim basis. *See Suggs v. State*, 72 So. 3d 145, 149 (Fla. 4th DCA 2011) ("[T]he statute's plain focus is on 'the person' to whom such letter or communication is sent. Thus, we hold that, under section 836.10, the unit of allowable prosecution is determined by the number of persons to whom a letter or communication is sent, and not the number of letters or communications sent.") (internal citation omitted); *Mauldin*, 9 So. 3d at 28 ("It is clear from the assault statute that the legislature intended to punish the criminal defendant separately for each victim the defendant placed in fear by his or her threat.").

We reject Brown's focuses on the word "any" in the section 800.09(1)(a)4. definition of "employee." To determine the unit of prosecution, the crucial provision of section 800.09(2)(a) is the subsection prohibiting the behavior, not the statute's definition of an "employee."

Brown's reliance upon section 775.021(4)(b)1., Florida Statutes (2021), is similarly misplaced. Under section 775.021(4)(b)1., an exception to the legislature's intent to convict for "each criminal offense committed in the course of one criminal episode" applies where the "offenses require identical elements of proof." *Id.* Here, Count I required proof that the lewd act was committed in the presence of victim A.D., while Count II required proof that the lewd act was committed in the presence of victim K.J. Each count involved a different victim, so the counts did not require identical elements of proof. *See Simon v. State*, 615 So. 2d 236, 238 (Fla. 3d DCA 1993) (holding that "[w]ithout dispute, each of the six false imprisonment

3

offense involved a different victim and therefore did not require identical elements of proof").

We distinguish the Florida Supreme Court's decision in *State v. Hernandez*, 596 So. 2d 671 (Fla. 1992). There, the supreme court held that a single lewd act, though seen by more than one child, was subject to only one conviction under section 800.04(3), Florida Statutes (1987). *Id.* at 672. However, the statute at issue in *Hernandez* proscribed the knowing commission of lewd act in the presence of "any child." The court reasoned that the statute's focus was not on the number of victims, but rather was "on the commission of the lewd act whether in the presence of one or more children[.]" *Id.* (quoting *Lifka v. State*, 530 So. 2d 371, 373 n.1 (Fla. 1st DCA 1988)). The court explained: "The size of the audience or the number of witnesses should not determine the number of allowable convictions under subsection 800.04(3); rather, the number of distinct lewd acts should be determinative." *Id.* By contrast, because of the use of the article "a" instead of "any," section 800.09(2)'s focus is on the number of employees present during the commission of a lewd act, not the number of distinct lewd acts committed.

As the State concedes, certain costs were imposed in error. We reverse and remand with instructions to impose a $100 cost of prosecution instead of $200 and to strike the $50 cost of investigation, the $151 cost for the Rape Crisis Trust Fund on each count, and the $201 for the Domestic Violence Surcharge on each count. Brown preserved these issues for appeal by filing a post-trial motion.

*Affirmed in part, reversed in part and remanded.*

GERBER and CONNER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**