TORPY, J.
Appellant pleaded guilty to fifteen counts of possession of child pornography and one count of transmission of pornography by electronic device, reserving his right to appeal the denial of his dispositive motion to dismiss the charges. He argues that the trial court erred in denying his motion to dismiss the charges of possession of child pornography because section 827.071(5), Florida Statutes (2010), is unconstitutional and void for vagueness. He also argues that the trial court erred in denying his motion to dismiss the charge of unlawful transmission of pornography because there was no evidence that he “transmitted” (as that term is defined by statute) anything. We affirm Appellant’s convictions on the possession of child pornography charges without further discussion. State v. Cohen, 696 So.2d 435, 436 (Fla. 4th DCA 1997). We reverse the conviction and sentence on the transmission of pornography charge.
*1241 Using a peer-to-peer sharing network known as Limewire, Appellant downloaded pornographic images of children to his home computer. The files were obtained from other Limewire subscribers who permitted access to their files. Using the sheriff’s office’s own Limewire subscription, sheriffs agents then retrieved images from an accessible folder in Appellant’s computer via the internet. Based on the retrieval of these images, Appellant was charged with and convicted of one count of “transmitting” child pornography using an electronic device, in violation of section 847.0137(2). The statute defines “transmit” as “the act of sending and causing to be delivered any image, information, or data from one or more persons or places to one or more other persons or places over or through any medium, including the Internet, by use of any electronic equipment.” Id. Thus, the legal issue we are asked to confront is whether, by allowing access to files through a sharing network, Appellant “sent” images to another person.
The State concedes that Appellant did not affirmatively dispatch the images using a function on his computer. Indeed, Appellant had no knowledge that agents retrieved the images. The State posits that Appellant essentially sent the files because he maintained them in a shared folder and knowingly allowed other Limewire subscribers to access them. Conversely, Appellant argues that “send” means a purposeful act to deliver the files, rather than the mere allowance of access to the files. One definition of the word “send” is, “to cause to go or be carried.” Webster’s New World College Dictionary 1305 (4th ed. 2001). This definition supports Appellant’s construction of the statute, although the State’s proffered construction is not unreasonable. Under statutory lenity principles, however, when a criminal statute is susceptible of more than one construction, we are compelled to construe the statute most favorable to Appellant. § 775.021(1), Fla. Stat. Accordingly, we reverse Appellant’s conviction for transmitting child pornography and remand this cause for resen-tencing.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER, C.J., and GRIFFIN, J., concur.