DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DUNCAN JASON SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-438

[March 25, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 2010CF007004AMB.

Antony P. Ryan, Regional Counsel, and Louis G. Carres, Special Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Duncan Jason Smith challenges the denial of his multi-claim motion for postconviction relief. We affirm and write only to address his claim that he has been denied due process, by being convicted of a non-existent crime. He was convicted of transmitting child pornography through the use of a file-sharing program. In *Biller v. State*, 109 So. 3d 1240, 1241 (Fla. 5th DCA 2013), the court held that use of a file-sharing program does not constitute transmission within the meaning of the statute. We disagree.

Smith pleaded guilty in August 2011, to twenty counts of transmitting child pornography to an undercover officer via the internet. *See* § 847.0137, Fla. Stat. (2010) ("Transmission of pornography by electronic device or equipment prohibited"). The information alleged twenty counts as follows:

DUNCAN JASON SMITH on or about April 13, 2010, in the County of Palm Beach and State of Florida, did transmit child pornography, as defined in section 847.001, Florida Statute, knowing or having reason to know it was child pornography, to another person in Florida or in any other jurisdiction, or from any jurisdiction outside of Florida to any person in the State of Florida, contrary Florida Statutes 847.0137(2) and (3). (3 DEG FEL)

Factually, Smith used a file-sharing program that was designed to allow one-on-one access to stored data. Smith loaded pornographic images into a specific computer file. Authorization was required to gain access to it. Smith sent a "friend" request to a Palm Beach County undercover detective, which authorized the detective to access certain of Smith's files that Smith had chosen to share with other users. The detective downloaded various images of child pornography from these files. Apart from the "friend" request, Smith did not know that the files were actually downloaded.[1] Smith was arrested, and in a post-*Miranda*[2] statement admitted that he had been trading in child pornography for ten years. Through a negotiated plea, Smith pled guilty to the charges and was sentenced to clusters of five-year sentences, some of which were run consecutively, to constitute a ten-year sentence. This was to be followed by fifteen years of sex offender probation.

After his conviction and sentence, the Fifth District decided *Biller*, in which it held that a defendant who used a similar process of file-sharing could not be guilty of transmitting child pornography, because he did not *send* the pornography, within the meaning of the statute, by using file-sharing. Smith then filed a motion for postconviction relief, claiming in part that, because *Biller* found that transmission by method of file-sharing was not a transmission within the meaning of the statute, he was denied due process by being convicted of a non-existent crime. The trial court denied relief. We affirm, disagreeing with *Biller.*

Section 847.0137 makes it a crime to transmit child pornography:

[A]ny person in this state who knew or reasonably should have known that he or she was transmitting child pornography, as

---

[1] The probable cause affidavit explains that the detective was instant messaging with the defendant while he was downloading the files, but the affidavit does not state whether he discussed the fact that he was downloading the files.
[2] *Miranda v. Arizona,* 384 U.S. 436 (1966).

defined in s. 847.001, to another person in this state or in another jurisdiction commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 847.0137(2), Fla. Stat. (2010). That same statute defines "transmit" as:

[T]he act of sending and causing to be delivered any image, information, or data from one or more persons or places to one or more other persons or places over or through any medium, including the Internet, by use of any electronic equipment or device.

§ 847.0137(1)(b), Fla. Stat. (2010).

In *Biller,* the Fifth District was confronted with whether the definition of "transmit" included the use of a similar file-sharing arrangement, as occurred in this case. Just as here, Biller had placed the pornographic images in a shared folder of a file-sharing program and had given authorization to access the folder to sheriff's agents. The court noted that the legal issue it addressed was whether the pornographic images were "sent" within the meaning of the statute. Relying on statutory lenity, the court concluded that to "send," within the statutory definition required a purposeful act by the defendant. It reasoned:

The State concedes that Appellant did not affirmatively dispatch the images using a function on his computer. Indeed, Appellant had no knowledge that agents retrieved the images. The State posits that Appellant essentially sent the files because he maintained them in a shared folder and knowingly allowed other Limewire subscribers to access them. Conversely, Appellant argues that "send" means a purposeful act to deliver the files, rather than the mere allowance of access to the files. One definition of the word "send" is, "to cause to go or be carried." *Webster's New World College Dictionary* 1305 (4th ed. 2001). This definition supports Appellant's construction of the statute, although the State's proffered construction is not unreasonable. Under statutory lenity principles, however, when a criminal statute is susceptible of more than one construction, we are compelled to construe the statute most favorable to Appellant. § 775.021(1), Fla. Stat.

*Biller,* 109 So. 3d at 1241. The court reversed appellant's convictions.

We disagree with *Biller*'s interpretation of the statute. The Fifth District focused only on the word "send" in construing the statute. When we consider the entire language of the statute, we conclude that the use of the file-sharing program, where the originator affirmatively grants the receiver access to his files, who can then download the pornographic images over the internet through an electronic device, constitutes "transmission" of pornography.

The statutory definition of "transmit" requires an act of "sending and causing to be delivered." § 847.0137(1)(b), Fla. Stat. (2010). The Fifth District used the dictionary definition of "send" as "to cause to go." We will not disagree that is one of many related definitions of "send." But the second phrase in the statute is equally important. "Cause to be delivered" has been defined in connection with a federal mail fraud statute as requiring reasonable foreseeability of delivery:

> Where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used.

*Pereira v. United States*, 347 U.S. 1, 8-9 (1954) (interpreting 18 U.S.C. § 1341).

In the context of transmission using the internet, when the originator creates the shared file folder and specifically authorizes others to download the contents of that folder, he is "sending" information in the form of the "friend" request and is "causing" the pornographic images to be delivered to another. It is reasonably foreseeable that the pornographic images will be accessed and downloaded. Thus, under the statute, Smith created the shared file space populated with pornographic images; he "sent" the "friend" request to the undercover detectives, thereby granting them access; and he reasonably could foresee that they would access the folder and download the images, thus "causing" them to be delivered to another. Indeed, in his subsequent statements he admitted to trading in pornographic images, which also means that delivery is contemplated. Thus, he "sent and caused to be delivered" the pornographic images. The use of the phrase "cause to be delivered" in the statute negates the construction that a person must himself deliver the files to another person, such as by attaching them to an email.

That the Legislature intended the definition of "transmit" in section 847.0137(1)(b), Florida Statutes (2010), to be broader than merely purposely sending images to an individual can be gleaned from a

4

comparison of the definition of "transmit" in section 847.0138, Florida Statutes.  That section prohibits "[t]ransmission of material harmful to minors to a minor by electronic device or equipment[.]"  In that statute, "transmit" is defined as "to send to a specific individual known by the defendant to be a minor via electronic mail."  § 847.0138(1)(b), Fla. Stat. (2010).  Thus, where the Legislature wanted to restrict "transmission" to the act of sending something directly to an individual by e-mail, it knew how to define the term narrowly.  It did not create such a narrow definition in section 847.0137(1)(b), Florida Statutes.  Consequently, we see no need to apply the rule of lenity to section 847.0137.  *Kasischke v. State*, 991 So. 2d 803, 814-15 (Fla. 2008) (noting that the rule of lenity is "a canon of last resort").

Because we conclude that the exchange of the pornographic images through the use of the file-sharing program constitutes "transmission" within the meaning of the statute, we affirm the order denying postconviction relief.  We also certify conflict with *Biller*.

CIKLIN and LEVINE, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***