# Supreme Court of Florida

_____

No. SC15-782
_____

**DUNCAN JASON SMITH,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[September 8, 2016]

CANADY, J.

In this case we consider whether the use of a file-sharing program for the dissemination of child pornography violates the statutory prohibition on transmitting child pornography. In the decision of the Fourth District Court of Appeal in Smith v. State, 190 So. 3d 94 (Fla. 4th DCA 2015), which is now before the Court for review, the court concluded that the use of a file-sharing program resulted in a violation of the statute. The Fourth District certified that its decision is in direct conflict with the decision of the Fifth District Court of Appeal in Biller v. State, 109 So. 3d 1240 (Fla. 5th DCA 2013). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we hold that the use of a file-

sharing program, where the originator affirmatively grants the receiver access to child pornography placed by the originator in files accessible through the file-sharing program, constitutes the transmission of child pornography under the plain meaning of section 847.0137, Florida Statutes (2010). We therefore approve the decision of the Fourth District in Smith and disapprove the decision of the Fifth District in Biller.

## BACKGROUND

In August 2011, Duncan Jason Smith pleaded guilty to twenty counts of transmitting child pornography to an undercover officer via the Internet. Smith, 190 So. 3d at 95. The information alleged twenty counts as follows:

> DUNCAN JASON SMITH on or about April 13, 2010, in the County of Palm Beach and State of Florida, did transmit child pornography, as defined in section 847.001, Florida Statute, knowing or having reason to know it was child pornography, to another person in Florida or in any other jurisdiction, or from any jurisdiction outside of Florida to any person in the State of Florida, contrary Florida Statutes 847.0137(2) and (3). (3 DEG FEL)

Id. Smith was sentenced to "clusters of five-year sentences, some of which were run consecutively, to constitute a ten-year sentence. This was to be followed by fifteen years of sex offender probation." Id. at 95-96.

> Factually, Smith used a file-sharing program that was designed to allow one-on-one access to stored data. Smith loaded pornographic images into a specific computer file. Authorization was required to gain access to it. Smith sent a "friend" request to a Palm Beach County undercover detective, which authorized the detective to access certain of Smith's files that Smith had chosen to share with other

- 2 -

users.  The detective downloaded various images of child pornography from these files.  Apart from the "friend" request, Smith did not know that the files were actually downloaded.  Smith was arrested, and in a post-<u>Miranda</u> statement admitted that he had been trading in child pornography for ten years.

<u>Id.</u> at 95 (footnotes omitted).

After his conviction and sentence, the Fifth District decided <u>Biller</u>.  Smith then filed a motion for postconviction relief and claimed in relevant part that because <u>Biller</u> found that transmission by method of file-sharing was not a transmission of child pornography within the meaning of section 847.0137, he was denied due process by being convicted of a nonexistent crime.  <u>Id.</u> at 96.  The trial court denied relief.  <u>Id.</u>[1]

On appeal, the Fourth District affirmed the trial court's denial of relief and disagreed with the Fifth District's interpretation of the statute.  The Fourth District explained that <u>Biller</u> erred in focusing solely on the word "send" in construing the statute because "the statutory definition of 'transmit' requires an act of 'sending and causing to be delivered.' "  <u>Id.</u> at 96-97 (quoting § 847.0137(1)(b), Fla. Stat. (2010)).  After "consider[ing] the entire language of the statute," the Fourth District "conclude[d] that the use of the file-sharing program, where the originator affirmatively grants the receiver access to his files, who can then download the

---

1. We do not address whether this postconviction claim was procedurally barred.

pornographic images over the internet through an electronic device, constitutes 'transmission' of pornography." Id. The Fourth District reasoned in relevant part as follows:

> In the context of transmission using the internet, when the originator creates the shared file folder and specifically authorizes others to download the contents of that folder, he is "sending" information in the form of the "friend" request and is "causing" the pornographic images to be delivered to another. It is reasonably foreseeable that the pornographic images will be accessed and downloaded. Thus, under the statute, Smith created the shared file space populated with pornographic images; he "sent" the "friend" request to the undercover detectives, thereby granting them access; and he reasonably could foresee that they would access the folder and download the images, thus "causing" them to be delivered to another. Indeed, in his subsequent statements he admitted to trading in pornographic images, which also means that delivery is contemplated. Thus, he "sent and caused to be delivered" the pornographic images. The use of the phrase "cause to be delivered" in the statute negates the construction that a person must himself deliver the files to another person, such as by attaching them to an email.

Id. at 97. The Fourth District further concluded that the Legislature intended the definition of "transmit" in section 847.0137(1)(b) to be broader than merely purposely sending images to an individual by comparing the definition of "transmit" in section 847.0137(1)(b) with the definition of "transmit" in section 847.0138(1)(b).[2] Id. Thus, the Fourth District "s[aw] no need to apply the rule of lenity to section 847.0137" and certified conflict with Biller. Id.

---

2. Section 847.0138 prohibits "[t]ransmission of material harmful to minors to a minor by electronic device or equipment[.]" In that statute, "transmit" is

- 4 -

## ANALYSIS

"Because the conflict issue involves the interpretation of a statute, this Court's review is de novo." Polite v. State, 973 So. 2d 1107, 1111 (Fla. 2007). "The object of statutory interpretation is to determine legislative intent." Crews v. State, 183 So. 3d 329, 332 (Fla. 2015). "To discern legislative intent, this Court looks first to the plain and obvious meaning of the statute's text[.]" W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 9 (Fla. 2012). This Court has consistently recognized that "[w]hen the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." Borden v. E.-Eur. Ins. Co., 921 So. 2d 587, 595 (Fla. 2006) (quoting Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005)).

> Section 847.0137 makes it a crime to transmit child pornography:
>
> [A]ny person in this state who knew or reasonably should have known that he or she was transmitting child pornography, as defined in s. 847.001, to another person in this state or in another jurisdiction commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 847.0137(2), Fla. Stat. (2010). That same statute defines "transmit" as:

> [T]he act of sending and causing to be delivered any image, information, or data from one or more persons or places to one or

defined as "to send to a specific individual known by the defendant to be a minor via electronic mail." § 847.0138(1)(b), Fla. Stat (2010).

more other persons or places over or through any medium, including the Internet, by use of any electronic equipment or device.

§ 847.0137(1)(b), Fla. Stat. (2010).

Smith argues that he did not commit the act of "sending and causing to be delivered" child pornography within the plain meaning of the statute and, in the alternative, that the statutory definition of "transmit" is ambiguous. We disagree. The statute unambiguously prohibits the conduct for which Smith was convicted. Smith sent child pornography images to an electronic "place" by loading them into a specific computer file and, through his use of the file-sharing program, made those images accessible to third parties for whom access was authorized. Smith then sent a "friend" request to a third party which authorized the third party—through the file-sharing program—to obtain access to the place to which the images had been sent. By those purposeful acts, Smith caused the delivery of the images to the third party to take place.

We thus agree with the Fourth District that Smith "sent and caused to be delivered" child pornography under the statutory definition of "transmit." Smith, 190 So. 3d at 97. What Smith did is the electronic equivalent of placing a locked box filled with pornographic photographs on his front porch, telling a "friend" that there is something on the front porch he might want to see, and sending the friend a spare key to the locked box. In such hypothetical circumstances, although it might be said that Smith did not directly send and deliver those photos to the friend, it is

- 6 -

undeniable that once the friend obtained access to the photos, Smith had indeed caused the delivery to the friend of the photos which he previously had sent to his front porch. Accordingly, we hold that the use of a file-sharing program, where the originator affirmatively grants the receiver access to the originator's child pornography files, constitutes the transmission of child pornography under the plain meaning of section 847.0137.

Biller erred by applying the rule of lenity to section 847.0137 based on an unreasonably cramped reading of the statute. Smith correctly declined to apply the rule of lenity to section 847.0137.

## CONCLUSION

Accordingly, we approve the decision of the Fourth District and disapprove Biller.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

Fourth District - Case No. 4D14-438

(Palm Beach County)

Antony Parker Ryan, Regional Counsel, and Louis G. Carres, Special Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Consiglia Terenzio, Bureau Chief, and Luke Robert Napodano, Assistant Attorney General, West Palm Beach, Florida,

    for Respondent